Ryan E. Hatch *(Admitted Pro Hac Vice)*
**HATCH LAW PC**
13323 Washington Blvd, Suite 302
Los Angeles, CA 90066
Work: (310) 279-5076
Fax: (310) 693-5328
Email: ryan@hatchlaw.com

*Attorneys for Defendant/Counterclaimant iProov Ltd.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FACETEC, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>iProov LTD, a United Kingdom limited liability company,<br><br>        Defendant. | Case No. 2:21-cv-02252-ART-BNW<br><br>Hon. Anne R. Traum<br><br><br>**DEFENDANT IPROOV'S MOTION FOR PARTIAL STAY** |
| iProov LTD, a United Kingdom limited liability company,<br><br>        Counter-Claimant,<br><br>    v.<br><br>FACETEC, INC., a Delaware corporation,<br><br>        Counter-Defendant. | |

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 4

II. RELEVANT FACTS ........................................................................................................ 4

    A. The Instant Action ..................................................................................................... 4

    B. The Petitions for Inter Partes Review ...................................................................... 7

III. LEGAL STANDARDS .................................................................................................... 7

IV. ARGUMENT .................................................................................................................... 8

A. FaceTec's Claims for Patent Infringement Should be Stayed ............................................... 8

i. A Stay Will Not Unduly Prejudice or Present a Clear Tactical Disadvantage to FaceTec .... 8

ii. A Stay Will Simplify the Issues ........................................................................................... 11

iii. Discovery is Not Complete and a Trial Date Has Not Been Set ......................................... 13

B. The Stay Should Extend to FaceTec's Non-Patent Claims ................................................... 14

C. iProov's Counterclaim Should Not be Stayed ....................................................................... 16

V. IF THE COURT DENIES THE MOTION TO STAY, IT SHOULD DO WITHOUT PREJUDICE TO RENEW SHOULD THE IPRS BE INSTITUTED ........................................... 16

VI. CONCLUSION .................................................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*Aavid Thermalloy, LLC v. Cooler Master, LTD.*, No. C 17-05363 JSW, 2019 U.S. Dist. LEXIS 144880 (N.D. Cal. Aug. 26, 2019) .................................................................... 8, 11, 12

*Acres 4.0 v. IGT*, No. 2:21-cv-01962-GMN-BNW, 2022 U.S. Dist. LEXIS 194805 (D. Nev. Oct. 25, 2022) ............................................................................................................. 8, 9, 10, 11

*Aevoe Corp. v. i-Blason LLC*, No. 2:15-cv-00149-RFB-CWH, 2016 U.S. Dist. LEXIS 2275 (D. Nev. Jan. 7, 2016) ........................................................................................ 10, 12, 13

*Apple Inc. v. AliveCor, Inc.*, No. 22-cv-07608-HSG, 2023 U.S. Dist. LEXIS 230980 (N.D. Cal. Dec. 29, 2023) ........................................................................................................... 14

*Applications in Internet Time, LLC v. Salesforce.com, Inc.*, No. 3:13-cv-00628-RCJ-VPC, 2015 U.S. Dist. LEXIS 162901 (D. Nev. Dec. 4, 2015) ............................................... 16

*Autoalert, Inc. v. Dominion Dealer Sols., LLC*, No. SACV 12-1661-JST (JPRx), 2013 U.S. Dist. LEXIS 171890 (C.D. Cal. May 22, 2013) .................................................. 10

*Barbaro Techs., LLC v. Niantic, Inc.*, No. 18-cv-02955-RS, 2019 U.S. Dist. LEXIS 246408 (N.D. Cal. Apr. 24, 2019) .......................................................................................... 11, 14

*C.R. Laurence Co., Inc. v. Frameless Hardware Co. Ltd. Liab. Co.*, No. 2:21-cv-01334-JWH-RAO, 2022 U.S. Dist. LEXIS 247028 (C.D. Cal. Dec. 9, 2022) ............................... 15

*CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962) ................................................................. 14, 16

*Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-cv-04738, 2018 U.S. Dist. LEXIS 209837, 2018 WL 6574188 (N.D. Cal. Dec. 12, 2018) ........................................................... 14

*Core Optical Techs., LLC v. Fujitsu Network Communs., Inc.*, No. SACV 16-00437-AG-JPRx, 2016 U.S. Dist. LEXIS 195061 (C.D. Cal. Sep. 12, 2016) ....................................... 12

*Cypress Semiconductor Corp. v. GSI Tech.*, Inc., No. 13-cv-02013-JST, 2014 U.S. Dist. LEXIS 142858 (N.D. Cal. Oct. 7, 2014) ................................................................................ 9

*Cywee Grp. Ltd. v. HTC Corp.*, No. C17-0932JLR, 2019 U.S. Dist. LEXIS 139075 (W.D. Wash. June 13, 2019) .......................................................................................................... 14, 15

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988) ................................................................. 7

*Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. C 13-4202 SI, 2014 U.S. Dist. LEXIS 9149 (N.D. Cal. Jan. 23, 2014) ............................................................................... 11

*FaceTec, Inc. v. Jumio Corporation*, No. 3:24-cv-03623-RFL (N.D. Cal 2024) ......................... 5

*Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032 (N.D. Cal. 2015) .................................... 12

*Gordon Gould, REFAC Int'l, Ltd. v. Control Laser Corp.*, 705 F.2d 1340 (Fed. Cir. 1983) ......... 11

*Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-cv-00570-BLF, 2015 U.S. Dist. LEXIS 139383, (N.D. Cal. Oct. 13, 2015) ..................................................................................... 16

*Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936).......... 7, 14

*Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co. Ltd.*, No. 16-CV-03886-BLF, 2017 U.S. Dist. LEXIS 94182, 2017 WL 2633131 (N.D. Cal. June 19, 2017)............ 9, 10

*Parity Networks, LLC v. Juniper Networks, Inc.*, No. 18-cv-06452-JSW, 2019 U.S. Dist. LEXIS 231122 (N.D. Cal. July 3, 2019) ...................................................................................... 16

*PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022 (N.D. Cal. 2014). ....................... 8, 9

*PopSockets LLC v. Quest USA Corp.*, No. 17-CV-3653 (FB) (CLP), 2018 U.S. Dist. LEXIS 168219 (E.D.N.Y. Sep. 28, 2018) ............................................................................................ 15

*Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 U.S. Dist. LEXIS 117147 (N.D. Cal. Oct. 11, 2011) ....................................................................................................... 8, 9

*Purecircle United States, Inc. v. SweeGen, Inc.*, No. SACV 18-1679 JVS (JDEx), 2019 U.S. Dist. LEXIS 124444 (C.D. Cal. June 3, 2019) .................................................................................. 12

*Synthego Corp. v. Agilent Techs., Inc.*, No. 5:21-cv-07801-EJD, 2022 U.S. Dist. LEXIS 122933 (N.D. Cal. July 12, 2022) ...................................................................................................... 9, 11

*Unwired Planet, LLC v. Square, Inc.*, No. 3:13-cv-00579-RCJ-WGC, 2014 U.S. Dist. LEXIS 140831 (D. Nev. Oct. 3, 2014) .................................................................................................. 12

*Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP (SPx), 2015 U.S. Dist. LEXIS 53053 (C.D. Cal. Apr. 20, 2015 ........................................................................... 13

**Rules**

LPR 1-20 ............................................................................................................................................ 8

   Defendant and Counter-Defendant, iProov, Ltd. ("iProov") hereby moves to stay Plaintiff and Counter-Defendant, FaceTec, Inc. ("FaceTec")'s claims in this action pending the final resolution of petitions for inter partes review ("IPR") seeking invalidation of the patents asserted in this action by FaceTec.

## I. INTRODUCTION

  Years into this dispute, FaceTec sought to gain a tactical advantage by suing iProov's customer, Jumio Corporation ("Jumio") in a separate suit in the United States District Court for the Northern District of California. Jumio eventually filed petitions for inter partes review (proceeding Nos. IPR2025-00106, IPR2025-00107, IPR2025-00108, IPR2025-00109) (collectively, the "IPRs") before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO") of all claims of the patents asserted in that action, which encompass the two patents asserted in this action and thus all claims asserted herein. Given the substantial impact that institution of those IPRs would have on this litigation, including invalidation of all of FaceTec's patent claims at issue in this case, as well as the overlap between FaceTec's patent and non-patent claims, iProov moves to stay FaceTec's claims in this case to prevent the unnecessary expenditure of party and court resources. At the very least, FaceTec's claims should be stayed for the short period until a decision as to whether the petitions will be instituted has issued, given that this case is approaching a more costly stage of litigation. If the parties and the Court expend resources on litigating FaceTec's claims only for the IPRs to be instituted, which would undoubtedly justify a stay, there is a substantial risk of effort being in vain due to the simplification the IPRs would offer. It is thus the most prudent course of action to stay FaceTec' claims immediately to avoid the potential waste of time and resources.

## II. RELEVANT FACTS

### A. The Instant Action

  In December 2021, FaceTec sued iProov for infringement. In this action, both sides assert patent infringement claims. FaceTec asserts U.S. Patent Nos. 10,776,471 and 11,157,606 ("Asserted Patents"), Dkt. 19, ¶ 4, and iProov counterclaims that FaceTec infringes U.S. Patent No. 9,621,548 ("'548 Patent") by making, using, selling, and offering for sale the FaceTec 3D Liveness,

1  OCR & 3D Face Authentication system.  ECF 22 at 11; Dkt. 22-3 at 1-153.  FaceTec also asserts
2  claims for breach of contract and intentional interference with contract ("Non-Patent Claims").
3  ECF No. 19 at ¶¶ 57-66.
4       A dispute between the parties relates to which iProov products have been adequately
5  accused of infringement.  The dispute arose because iProov objected to FaceTec's request for the
6  source code for an iProov product that operates on iOS and Android mobile devices ("Mobile
7  Products")—which had never been accused of infringement—prompting a Motion to Compel by
8  FaceTec and a Motion to Strike by iProov, filed on May 10, 2024.  ECF No. 99.  FaceTec's
9  previously-filed infringement contentions had not charted the Mobile Products at all, and instead
10 only charted the web platform of iProov's product ("Web Product").  Id.  iProov thus objected to
11 FaceTec's Motion to Compel and moved to strike the overbroad definition of "Accused
12 Instrumentalities" in FaceTec's infringement contentions such that it be limited to the Web Product.
13 Id.  This Court ordered a hearing on FaceTec's and iProov's competing motions on the question of
14 whether the Mobile Product was excluded from this action for June 17, 2024.  ECF No. 92.
15      Just three days before the hearing on the motion to strike, in an apparent effort to obtain an
16 "insurance policy" against the motion to strike being granted, FaceTec filed a second lawsuit
17 against Jumio on June 14, 2024 asserting both of the Asserted Patents as well as two additional
18 related patents—and included claim charts referencing both the Web Product and the Mobile
19 Products that were not accused in this case. See *FaceTec, Inc. v. Jumio Corporation*, No. 3:24-cv-
20 03623-RFL, filed on June 14, 2024 in the United States District Court for the Northern District of
21 California (the "California Action"); see also ECF No. 139 (iProov's Notice of Related Cases) at
22 2.  FaceTec falsely represented to the Northern District of California that "[t]here are no related
23 cases. The action between FaceTec and iProov in the District of Nevada is separate and unrelated
24 to this litigation."  Declaration of Ryan E. Hatch ("Hatch Decl."), Ex. A (Joint Case Management
25 Statement in the California Action (Dkt. No. 32)) at 8.[1]  Of course, the cases are related as the
26 California Action encompasses the exact same patents, patent claims, and accused products.
27
28
---
[1] All exhibits referenced hereto are attached to the Hatch Declaration.

After briefing and a hearing on the question of excluding the Mobile Products from this Action, on September 10, 2024, the Court entered an order finding that FaceTec failed to put iProov on notice that the Mobile Product were accused of infringement because the claim charts were specific to the Web Product, but that FaceTec nonetheless charted the Web Product as a "representative product" and thus accused the Mobile Products. ECF No. 122. On October 10, 2024, believing that it no longer needing the "insurance policy" of a second lawsuit in the Northern District accusing the Mobile Products (those products apparently being allowed into this action in Nevada), FaceTec then requested dismissal of the California Action. ECF No. 139-1 (California Action Docket Entry No. 45: FaceTec's Request for Voluntary Dismissal). In requesting dismissal, FaceTec recanted its earlier position and admitted the California Action "adds little to the patent litigation against iProov that is already well underway in the District of Nevada." ECF No. 139-1 at 3:6–7. That request for dismissal, however, was denied, and at the same time iProov was permitted to intervene in the California Action, to defend its products accused of infringement. ECF No. 139-2 (California Action Docket Entry No. 52: Order Denying Motion to Voluntarily Dismiss Without Prejudice and Granting Motion to Intervene). Meanwhile, iProov objected to the Court's Order regarding its motion to strike under Fed. R. Civ. P. 72. ECF No. 126. On December 6, 2024, the Court entered an Amended Order construing iProov's objections as a motion for reconsideration and striking the previous order. ECF. No. 140. Upon reconsideration, the Court ruled that FaceTec's infringement contentions did <u>not</u> adequately identify the Mobile Products and Ordered FaceTec to amend its infringement contentions by January 20, 2025. Id. Those contentions were served, and iProov's amended invalidity contentions are due February 17, 2025. Id.

In addition to the patent contentions being reopened, the parties are currently in discovery, with only one deposition having taken place. Hatch Decl., ¶ 2. And claim construction is fully briefed but no claim construction hearing has been set or order issued, meaning discovery currently has no definitive cut-off date. ECF Nos. 40–46; see also ECF No. 37 (Discovery Plan and Scheduling Order) at 3 (providing that multiple deadlines, including the disclosure of amended contentions and discovery cut-off, are calculated from the date of the Claim Construction Order).

### B. The Petitions for Inter Partes Review

On November 7, 2024, Jumio filed the IPRs directed to all claims of all four patents asserted in the California Action—and thus all claims of the two Asserted Patents in this action—and Jumio subsequently moved to stay the California Action pending final resolution of the IPRs. See Hatch Decl., Ex. B (Jumio Motion to Stay in the California Action (Dkt. No. 54)) at 8:3–5 ("Jumio respectfully requests that the Court stay this case pending final resolution of Jumio's recently filed IPR petitions, which challenge the patentability of all claims in all four asserted patents.") (emphasis added). On November 27, 2024, Jumio moved to stay the California Action pending final resolution of those IPRs. Id. at 8. That motion remains pending before Judge Rita F. Lin in the California Action. Preliminary responses to Jumio's IPRs are due no later than February 2025, and the PTAB will decide whether to institute the IPRs no later than May 2025. Id. at 11. On December 16, 2024, FaceTec opposed Jumio's Motion to Stay. Hatch Decl., Ex. C (FaceTec's Memorandum in Opposition to Jumio's Motion for Stay in the California Action (Dkt. No. 62)). Jumio's motion to stay the California Action has been taken under submission by the court in that action. Hatch Decl., ¶ 7.

### III. LEGAL STANDARDS

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citing *Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936)). This Court's Local Patent Rules provide:

> The court may order a stay of litigation pending the outcome of any reexamination or review proceeding before the United States Patent and Trademark Office that concerns a patent at issue in the federal court litigation. Whether the court stays litigation upon the request of a party will depend on the circumstances of each particular case, including without limitation: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, and (3) whether discovery is complete and a trial date has been set.

LPR 1-20. Indeed, courts routinely stay patent cases pending the outcome of IPRs, for the very good reason that it makes little sense to litigate patents that are being reexamined by the USPTO. See, e.g., *Acres 4.0 v. IGT*, No. 2:21-cv-01962-GMN-BNW, 2022 U.S. Dist. LEXIS 194805, at *9 (D. Nev. Oct. 25, 2022) (granting stay before USPTO had granted reexamination petitions); *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 U.S. Dist. LEXIS 117147, at *10 (N.D. Cal. Oct. 11, 2011) ("Indeed, it is not uncommon for this court to grant stays pending reexamination prior to the [US]PTO deciding to reexamine the patent.") (collecting cases).[2]

## IV.  ARGUMENT

All three factors weigh in favor of a stay. A stay will not prejudice or present a clear tactical disadvantage to FaceTec. A stay will simplify questions of invalidity (and by extension, infringement), including in pre-trial proceedings and at trial. And discovery is not close to being complete, nor is any trial date set.

### A. FaceTec's Claims for Patent Infringement Should be Stayed

#### i. A Stay Will Not Unduly Prejudice or Present a Clear Tactical Disadvantage to FaceTec

"In examining the prejudice or tactical advantage factor, courts have looked to the timing of both requests for review and requests for stays, the status of the IPR proceedings, and the relationship between the parties." *Aavid Thermalloy, LLC v. Cooler Master, LTD.*, No. C 17-05363 JSW, 2019 U.S. Dist. LEXIS 144880, at *6 (N.D. Cal. Aug. 26, 2019). "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014).

Jumio filed its IPRs on November 7, 2024, which was less than a month after an IPR petition for one of the patents was ripe for filing. Ex. B at 22. Moreover, Jumio's IPRs were filed within the statutory deadline to do so making them timely. Id. And iProov timely brings this motion;

---

[2] Cases discussing reexamination proceedings are persuasive because "[w]hile these cases discuss the framework applicable to motions to stay pending reexamination, district courts in the Ninth Circuit have applied the same framework to motions to stay pending IPR." *Robert Bosch Healthcare Sys. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014 U.S. Dist. LEXIS 92792, at *9 (N.D. Cal. July 3, 2014).

1  FaceTec's deadline to file its preliminary response to the petitions has not even passed. See
2  PersonalWeb Techs., 69 F. Supp. 3d at 1030 (no undue prejudice when party waited one year to
3  file IPRs and another to move to stay because motion to stay was not ripe until time of filing); see
4  also *Cypress Semiconductor Corp. v. GSI Tech.*, Inc., No. 13-cv-02013-JST, 2014 U.S. Dist. LEXIS
5  142858, at *9 (N.D. Cal. Oct. 7, 2014) ("Other courts have found that waiting until after receiving
6  infringement contentions to analyze the claims alleged and then filing petitions for review does not
7  cause undue prejudice.").

8  While the PTAB has not yet instituted the IPRs, it is well within this Court's discretion to
9  grant a stay prior to that decision. Acres 4.0, 2022 U.S. Dist. LEXIS 194805, at *9; Pragmatus,
10 2011 U.S. Dist. LEXIS 117147, at *10. "Moreover, should the PTO deny these petitions, the delay
11 endured by the parties will have been relatively short; pursuant to statute, all initial decisions on
12 the relevant petitions should be issued by early [May 2025]." *PersonalWeb Techs., LLC v.*
13 *Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 U.S. Dist. LEXIS 4095, at *17 (N.D. Cal. Jan. 13,
14 2014).

15  As for the relationship between the parties, while iProov and FaceTec compete in the same
16 business space, "multiple other direct competitors in the marketplace attenuates this consideration."
17 *Synthego Corp. v. Agilent Techs., Inc.*, No. 5:21-cv-07801-EJD, 2022 U.S. Dist. LEXIS 122933, at
18 *10 (N.D. Cal. July 12, 2022) (citing *Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic*
19 *Lighting Co. Ltd.*, No. 16-CV-03886-BLF, 2017 U.S. Dist. LEXIS 94182, 2017 WL 2633131, at
20 *4 (N.D. Cal. June 19, 2017)). FaceTec admits that at least Jumio is one other relevant competitor,
21 stating "FaceTec and Jumio are direct competitors in providing verification services" and that "it
22 appears that Jumio's proprietary technology does in fact infringe FaceTec's patents." Ex. C
23 (FaceTec's Memorandum in Opposition to Jumio's Motion for Stay in the California Action (Dkt.
24 No. 62)) at 14–15. And publicly available information on FaceTec's website lists iProov as among
25 many other vendors in their space. Ex. D (January 31, 2025 Screen Capture of www.facetec.com)
26 at 5 (chart listing ten companies in the space, including iProov). Moreover, FaceTec recently
27 claimed that its valuation is "currently estimated by informed third parties at over one billion US
28 dollars." ECF No. 146 at 5:25–26. These factors weigh against a finding of prejudice. Acres 4.0,

2022 U.S. Dist. LEXIS 194805, at *6 (finding fact that parties were not sole competitors weighed against finding of prejudice); Synthego Corp., 2022 U.S. Dist. LEXIS 122933, at *10 ("Since there are multiple companies with a range of services directly competing with Agilent at each of these three levels the Court does not find that Agilent faces undue prejudice due to direct competition.").

Moreover, it is not enough that the parties are competitors; FaceTec must prove that it will be prejudiced by a stay. Acres 4.0, 2022 U.S. Dist. LEXIS 194805, at *6 (finding of no prejudice supported by fact that "Defendant does not explain or provide evidence showing how a stay would cause market share or price erosion."); *Aevoe Corp. v. i-Blason LLC*, No. 2:15-cv-00149-RFB-CWH, 2016 U.S. Dist. LEXIS 2275, at *9 (D. Nev. Jan. 7, 2016) ("The Court further finds that plaintiff merely speculates as to its purported inability to obtain 'full' third-party discovery, without presenting facts in support of its assertion."); *Lighting Sci. Grp. Corp.*, 2017 U.S. Dist. LEXIS 94182, at *11 ("In evaluating claims that direct competition will result in prejudice from a stay, courts require evidence."). It cannot.

Further, "that [FaceTec] has not moved for a preliminary injunction also weakens its undue prejudice claim because even if a stay prejudiced [FaceTec], money damages could later make it whole." Acres 4.0, 2022 U.S. Dist. LEXIS 194805, at *7; *Autoalert, Inc. v. Dominion Dealer Sols., LLC*, No. SACV 12-1661-JST (JPRx), 2013 U.S. Dist. LEXIS 171890, at *9 (C.D. Cal. May 22, 2013) (failure to file for preliminary injunction undercuts claim of undue prejudice). Indeed, FaceTec contacted iProov in September 2021 but did not file suit until December of that same year. ECF No. 19, ¶¶ 35–37. This militates against a finding of prejudice. Synthego Corp., 2022 U.S. Dist. LEXIS 122933, at *11-12 ("Other considerations weaken Agilent's claims of undue prejudice. … Agilent did not bring suit asserting its patent rights for months even after licensing negotiations with Synthego were unsuccessful, indicating that there is less urgency.")

Lastly, iProov has not moved to stay—or timed this motion—to gain a tactical advantage. It was Jumio who petitioned for IPR of the Asserted Patents, and iProov simply timely moved to stay the case based on those petitions—iProov has not deliberately delayed or timed its motion. See *Aevoe Corp.*, 2016 U.S. Dist. LEXIS 2275, at *9 (finding factor favored stay because there was "nothing to indicate that defendant [was] somehow gaming the system"). Nor will iProov gain an

advantage by presenting arguments during the petitions that FaceTec will not be privy to, as iProov is not a party to the IPRs and will not be participating in those proceedings.  See *Acres 4.0*, 2022 U.S. Dist. LEXIS 194805, at *8. This factor weighs in favor of granting a stay.

### ii.  A Stay Will Simplify the Issues

The IPRs could simplify the issues because they "could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. C 13-4202 SI, 2014 U.S. Dist. LEXIS 9149, at *6 (N.D. Cal. Jan. 23, 2014); *Gordon Gould, REFAC Int'l, Ltd. v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (review proceedings "eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO").  This is particularly true when all asserted claims are challenged.  Id. at *6–7.

Jumio's IPRs challenge all claims of the Asserted Patents, thereby providing the possibility to substantially simplify the issues in this Action and favoring stay. *Synthego Corp.*, 2022 U.S. Dist. LEXIS 122933, at *6-7 (granting stay when all claims were challenged because "[a] final decision could result in canceled or modified claims, which could eliminate the need for a trial or narrow the issues at trial."); *Aavid Thermalloy, LLC v. Cooler Master, LTD.*, No. C 17-05363 JSW, 2019 U.S. Dist. LEXIS 144880, at *4-5 (N.D. Cal. Aug. 26, 2019) ("The PTAB's review could dispose of this matter in its entirety or significantly narrow the scope of the issues.").

Further, "statistical evidence showing a substantial likelihood that some claims will be invalidated militates in favor of a stay." *Barbaro Techs., LLC v. Niantic, Inc.*, No. 18-cv-02955-RS, 2019 U.S. Dist. LEXIS 246408, at *5 (N.D. Cal. Apr. 24, 2019).  Sixty-eight percent (68%) of petitions for review were instituted in 2024.  Ex. E at 6.  Moreover, thirty percent (30%) of challenged claims and forty-nine percent (49%) of instituted claims were found unpatentable.  Id. at 13.  And fourteen percent (14%) of patents with proceedings ending in fiscal year 2024 were fully invalidated. Id. at 14.  This favors a stay. *Barbaro Techs.*, 2019 U.S. Dist. LEXIS 246408, at *5.

1   The issues will be simplified even if that IPRs are not instituted or some claims survive the
2   proceedings. Indeed, "the possibility that the PTO may institute review has the potential to
3   streamline and even resolve this action." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032,
4   1037 (N.D. Cal. 2015); *Aavid Thermalloy*, 2019 U.S. Dist. LEXIS 144880, at *4-5 ("The PTAB's
5   review could dispose of this matter in its entirety or significantly narrow the scope of the issues. …
6   Even if the PTAB did not find all claims invalid, its rulings would likely clarify claim construction
7   positions for the parties, raise estoppel issues, and encourage settlement."); *Core Optical Techs.,*
8   *LLC v. Fujitsu Network Communs., Inc.*, No. SACV 16-00437-AG-JPRx, 2016 U.S. Dist. LEXIS
9   195061, at *4 (C.D. Cal. Sep. 12, 2016) ("Even if no patent claim is eliminated, the intrinsic record
10  developed during the IPR may inform on issues like claim construction."). Simply put, as courts
11  in this District have recognized, "[i]f the petition for review is granted, there is a good chance the
12  review will simplify the case by rendering moot some or all of the claims regarding the '[asserted]
13  patent. The case would be simplified, as it would either end this action or eliminate claims or
14  arguments, while also providing the Court with the PTAB's expert opinion on the claims and patent
15  at issue." *Aevoe Corp.*, 2016 U.S. Dist. LEXIS 2275, at *9 (granting motion to stay before
16  institution decision).

17  Some courts in this District have applied a rule that considered this factor "indeterminable"
18  before any decision has been issued as to whether to institute review. See *Unwired Planet, LLC v.*
19  *Square, Inc.*, No. 3:13-cv-00579-RCJ-WGC, 2014 U.S. Dist. LEXIS 140831, at *15 (D. Nev. Oct.
20  3, 2014). Accordingly, those courts look to whether the remaining factors support a stay in the
21  absence of the "simplification of the issues" factor. Id. But, as discussed above and herein, other
22  courts have not adopted this rule. For example, "courts in [the Central District of California] have
23  adopted the majority position that even if IPR has not yet been instituted, the simplification factor
24  may still weigh in favor of a stay." *Purecircle United States, Inc. v. SweeGen, Inc.*, No. SACV 18-
25  1679 JVS (JDEx), 2019 U.S. Dist. LEXIS 124444, at *6 (C.D. Cal. June 3, 2019) (emphasis added)
26  (granting motion to stay). Indeed, at least one court in this District has not applied the Unwired
27  rule and instead simply assessed whether the possibility of a petition being instituted would simplify
28  the issues. *Aevoe Corp.*, 2016 U.S. Dist. LEXIS 2275, at *9. Moreover, even if the Court is inclined

to apply the Unwired rule, it is not dispositive. In Acres 4.0, the court applied Unwired in finding that the fact that the petition was yet to be instituted "[did] not weigh against one side or another." 2022 U.S. Dist. LEXIS 194805, at *9. There, the court ultimately granted the stay because the remaining factors favored staying the case. Id. Ultimately, "the risk of delay attending an unnecessary stay is minimal relative to the risk of unnecessary expenditure of resources should the stay be denied and an IPR subsequently commence." *Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP (SPx), 2015 U.S. Dist. LEXIS 53053, at *8 (C.D. Cal. Apr. 20, 2015) (granting motion to stay).

This factor favors granting a stay.

### iii. Discovery is Not Complete and a Trial Date Has Not Been Set

Although this case was filed just over three years ago, it has not advanced beyond a stage at which a stay is appropriate. The parties are currently in discovery, with only one deposition having taken place. Hatch Decl., ¶ 2. And while a first phase of claim construction is fully briefed, there will likely need to be further briefing in view of the parties' amended contentions. In any event, no claim construction hearing has been set or order issued, meaning discovery currently has no definitive cut-off date, nor any trial date. ECF Nos. 40–46; see also ECF No. 37.

FaceTec admitted as much in opposing Jumio's Motion to Stay the California Action:

> [T]he Nevada case is not close to reaching a resolution. Although there has been significant activity in that case, important aspects have been on hold since the parties completed the briefing of claim construction in January 2023—with no Markman hearing scheduled to date and only one deposition taken.

Ex. C at 14 (emphasis in original).

Courts routinely grant stays of cases at similar stages. *Aevoe Corp.*, 2016 U.S. Dist. LEXIS 2275, at *11 ("While the case is not in its early stages but in the midst of discovery, a significant amount of work still remains, including expert discovery, summary judgment motions, claim construction, and trial."); Finjan, 139 F. Supp. 3d at 1035 (granting stay despite the fact that claim construction briefing was complete and a hearing had been conducted because "substantial work"

remained before trial, including depositions, expert discovery, summary judgment, pre-trial motions, and trial); *Apple Inc. v. AliveCor, Inc.*, No. 22-cv-07608-HSG, 2023 U.S. Dist. LEXIS 230980, at *4-5 (N.D. Cal. Dec. 29, 2023) ("While the Court recognizes that claim construction has begun, the Court finds that this case is still at a relatively early stage overall. Discovery is far from complete, and no trial date has been set."); *Barbaro Techs., LLC v. Niantic, Inc.*, No. 18-cv-02955-RS, 2019 U.S. Dist. LEXIS 246408, at *4 (N.D. Cal. Apr. 24, 2019) (favored stay despite fact that claim construction briefing was complete and discovery underway because the "costlier stages of pretrial preparation remain.") (quoting *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-cv-04738, 2018 U.S. Dist. LEXIS 209837, 2018 WL 6574188, at *3 (N.D. Cal. Dec. 12, 2018) ("Although claim construction is complete and some substantial discovery has already occurred, several costlier stages of pretrial preparation remain, not to mention the trial itself.").

This factor favors a stay.

### B. The Stay Should Extend to FaceTec's Non-Patent Claims

"Even outside the IPR context, '[a] district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants.'" *Cywee Grp. Ltd. v. HTC Corp.*, No. C17-0932JLR, 2019 U.S. Dist. LEXIS 139075, at *19 (W.D. Wash. June 13, 2019) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." CMAX, 300 F.2d at 268 (9th Cir. 1962). "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id. (citing *Landis v. North American Co.*, 299 U.S. 248, 254-255, 57 S.Ct. 163, 81 L.Ed. 153).

As discussed above, FaceTec will not be prejudiced by the stay of this action, and thus it will suffer no "hardship or inequity." See § IV(A)(i), supra. As with its patent claims, FaceTec chose not to pursue a preliminary injunction on its Non-Patent Claims, which "undercuts" assertion

of prejudice. *Cywee Grp.,* 2019 U.S. Dist. LEXIS 139075, at *22 (staying patent claims and non-patent claims). Further, any stay would remain in place only until the resolution of the IPRs, at which point FaceTec could pursue its claims. Id. The "orderly course of justice" also favors staying FaceTec's Non-Patent Claims because they stem from the same facts as its patent claims—iProov's provision of its Liveness Assurance software, which FaceTec claims incorporates its technology. Id. at *21 ("Wee Group's patent infringement claims, HTC's unfair business practices claim, and CyWee Motion's counterclaims all arise from the same transaction: CyWee Motion's provision of the CyWee Software to HTC."). For example, FaceTec alleges "iProov makes software called 'Liveness Assurance,' which competes with FaceTec's software. This offering – with aspects copied from FaceTec – performs biometric liveness detection." ECF No. 19, ¶29. FaceTec's allegations also demonstrate that its patent claims and Non-Patent Claims are intertwined because FaceTec claims iProov "reverse engineered" FaceTec's product. Id., ¶ 30 ("As alleged herein, iProov's Liveness Assurance product infringes at least FaceTec's '471 and '606 patents. In addition, the Liveness Assurance product also improperly incorporates aspects of FaceTec's technology that iProov learned through its participation in the Spoof Bounty Program and unauthorized use of the FaceTec software outside of the Spoof Bounty Program."). Such overlapping facts justifies a stay of FaceTec's Non-Patent Claims as well. See *C.R. Laurence Co., Inc. v. Frameless Hardware Co. Ltd. Liab. Co*., No. 2:21-cv-01334-JWH-RAO, 2022 U.S. Dist. LEXIS 247028, at *10 (C.D. Cal. Dec. 9, 2022) (staying patent claims and relating non-patent claims arising out of "the same alleged theft of intellectual property" because the "non-patent claims [were] plainly linked to [the] alleged misappropriation of protected information and technology");[3] *PopSockets LLC v. Quest USA Corp.*, No. 17-CV-3653 (FB) (CLP), 2018 U.S. Dist. LEXIS 168219, at *5 (E.D.N.Y. Sep. 28, 2018) ("Though the patent and non-patent claims are legally unrelated, the underlying factual disputes are intertwined.").

---

[3] The *C.R. Laurence* considered a motion to sever the non-patent claims in connection with the motion to stay the patent claims. The court's analysis is instructive as relevant factors in deciding a motion to sever include "whether (1) the claims arise out of the same transaction or occurrence; (2) the claims present some common questions of law or fact; (3) settlement of the claims or judicial economy would be facilitated; (4) prejudice would be avoided if severance were granted; and (5) different witnesses and documentary proof are required for the separate claims." *C.R. Laurence*, 2022 U.S. Dist. LEXIS 247028, at *7 (citation omitted).

### C. iProov's Counterclaim Should Not be Stayed

It is within the Court's discretion not to stay iProov's counterclaim. *CMAX*, 300 F.2d at 268 (9th Cir. 1962). Staying iProov's counterclaim would force iProov to suffer infringement of its own patent while the IPRs are pending—IPRs filed by a third-party that do not relate to iProov's own patent. Further, a stay of iProov's counterclaim would not simplify any issues. iProov's counterclaim stems from FaceTec's misappropriation of iProov's patent technology and requires different evidence and involve different questions of law and fact. There is no dispute that FaceTec has not filed any proceedings challenging the patentability of iProov's asserted '548 Patent. Indeed, it is not uncommon for courts to partially stay only those patent claims that are subject to patent office review even when the same patentee has other asserted patents in the same litigation. *Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-cv-00570-BLF, 2015 U.S. Dist. LEXIS 139383, at *8 (N.D. Cal. Oct. 13, 2015) (granting partial stay as to those asserted patents for which IPRs were instituted but denying stay with respect to asserted patents for which IPRs were not instituted); *Parity Networks, LLC v. Juniper Networks, Inc.*, No. 18-cv-06452-JSW, 2019 U.S. Dist. LEXIS 231122, at *10 (N.D. Cal. July 3, 2019) (same).[4] Accordingly, iProov's counterclaim should not be stayed.

### V. IF THE COURT DENIES THE MOTION TO STAY, IT SHOULD DO WITHOUT PREJUDICE TO RENEW SHOULD THE IPRS BE INSTITUTED

If the Court denies iProov's motion and decides it is not appropriate to stay FaceTec's claims at this time, iProov respectfully requests the Court preserve the right for iProov to move for a stay should the PTAB institute the IPRs. See *Applications in Internet Time, LLC v. Salesforce.com, Inc.*, No. 3:13-cv-00628-RCJ-VPC, 2015 U.S. Dist. LEXIS 162901, at *9 (D. Nev. Dec. 4, 2015) ("If the PTAB chooses to institute the petitions, then Defendant may submit another motion to stay the case, which the Court will consider based on the facts at that time."). The basis for staying FaceTec's claims will be even stronger at that point.

---

[4] The court's ruling in *Parity* also suggests that severing the non-stayed claims is not necessary. There, the court also considered but denied a motion to sever the non-stayed claims, noting "if the Court agrees that a partial stay is appropriate, there would be no need to sever the claims at this time." *Parity Networks*, 2019 U.S. Dist. LEXIS 231122, at *5.

## VI. CONCLUSION

iProov respectfully requests that the Court stay FaceTec's claims until conclusion of the IPRs.

Dated: February 10, 2025

By: /s/ Ryan E. Hatch

RYAN E. HATCH (SBN 235577)
HATCH LAW, PC
13323 Washington Blvd., Suite 302
Los Angeles, California 90066
Work: 310-279-5076
Mobile: 310-435-6374
Fax: 310-693-5328
ryan@hatchlaw.com

*Attorney for Defendant/Counterclaimant iProov Ltd.*