# EXHIBIT A

Nathaniel L. Dilger (CA Bar No. 196203)
Email: ndilger@onellp.com
Peter R. Afrasiabi (CA Bar No. 193336)
Email: pafrasiabi@onellp.com
Taylor C. Foss (CA Bar No. 253486)
tfoss@onellp.com
**ONE LLP**
23 Corporate Plaza
Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:  (949) 258-5081

William J. O'Brien (CA Bar No. 99526)
Email: wobrien@onellp.com
**ONE LLP**
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Telephone:  (310) 866-5158
Facsimile:  (949) 943-2085

*Attorneys for Plaintiff,*
FaceTec, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FACETEC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUMIO CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 3:24-cv-03623-RFL<br>Hon. Rita F. Lin<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Complaint Filed: June 14, 2024 |

Pursuant to the Clerks' Notice Setting Case Management Conference Upon Reassignment (Dkt. 13), Civil Local Rule 16-9, and Federal Rule of Civil Procedure 26(f), Plaintiff FaceTec, Inc. ("FaceTec") and Defendant Jumio Corporation ("Jumio") (collectively, "the Parties"), hereby provide the following joint case management statement:

### 1. Jurisdiction and Service

This is an action for patent infringement. This Court has subject matter jurisdiction over FaceTec's claims arising under the Patent Act, including 35 U.S.C. § 271, pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has subject matter jurisdiction over Jumio's counterclaims for declaratory relief regarding noninfringement and invalidity of the FaceTec Asserted Patents pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. As discussed in Section 5, below, Jumio intends to file amended counterclaims to allege infringement of its patents, and any such claims will also arise under the Patent Act, including 35 U.S.C. § 271.

Neither party is aware of any issues regarding personal jurisdiction or venue. While no parties remain to be served, Jumio understands that iProov Ltd. ("iProov") intends to file a Motion to Intervene. FaceTec reserves the right to oppose any such motion.

### 2. Facts

***FaceTec's Position:***

FaceTec is the owner of multiple patents, including for purposes of this litigation, U.S. Patent No. 10,776,471 (Tussy) "Facial Recognition Authentication System Including Path Parameters" (Dkt. No. 1-1), U.S. Patent No. 11,157,606 (Tussy) "Facial Recognition Authentication System Including Path Parameters" (Dkt. No. 1-2), U.S. Patent No. 11,693,938 "Facial Recognition Authentication System Including Path Parameters" (Dkt. No. 1-3), and U.S. Patent No. 11,874,910 (Tussy) "Facial Recognition Authentication System Including Path Parameters" (Dkt. No. 1-4).[1]

FaceTec provides biometric liveness detection technology.  Simply explained, this technology utilizes face image data to verify the physical presence of a live human with high

---

[1] Collectively, the "FaceTec Asserted Patents."

**JOINT CASE MANAGEMENT STATEMENT**

confidence.  FaceTec's technology operates to verify that the biometric data collected (face images) came from a three-dimensional human face before – for example – creating a new digital account, providing authorized access to an existing account, or allowing access to a protected computing device.

FaceTec alleges that Defendant Jumio makes, uses, offers for sale and sells in the United States products, systems, and/or services (collectively, "Jumio Accused Instrumentalities" or "Jumio Liveness Detection Technology") that infringe one or more claims of each of the FaceTec Patents-in-Suit.

Jumio previously contracted with FaceTec to use FaceTec's patented liveness detection technology.  FaceTec contends that Jumio broke that contract with FaceTec and contracted with another FaceTec competitor, iProov Ltd., which thereafter deployed for Jumio a liveness detection technology that infringes on FaceTec's patent rights.

FaceTec sued iProov in late 2021 in the United States District Court for the District of Nevada.  *See* FaceTec Inc. v. iProov Ltd., Case No. 2:21-cv-02252-ART-BNW.  FaceTec asserts in its complaint against iProov claims for infringement of both the '471 and '606 patents as well as claims for breach of contract and tortious interference.

Jumio has persisted in using iProov's infringing technology.  FaceTec contends that iProov's infringing liveness detection technology used by Jumio includes multiple aspects that are copied directly from FaceTec and that infringe the FaceTec Patents-in-Suit as shown in the charts in the Complaint.  FaceTec contacted Jumio in writing on or about August 23, 2023, and demanded that Jumio immediately cease and desist any further infringement of FaceTec's patent rights or other intellectual property, including ceasing all use of any technology that falls within the scope of the FaceTec Patents-in-Suit. Jumio refused to cease and desist and has continued since that date to persist in its infringement of FaceTec's patent rights, including its infringement of the FaceTec Patents-in-Suit.   This lawsuit then ensued.

Jumio has also recently introduced Jumio-branded liveness detection technologies and has begun offering them in addition to liveness detection technologies provided to Jumio by iProov.  FaceTec's reasonable and diligent pre-filing investigation indicated that the Jumio-branded

liveness detection technologies are the same as or substantially similar to the infringing iProov technologies used by Jumio.  FaceTec contends that Jumio's own-branded liveness detection technologies infringe FaceTec's asserted patents for the same reasons that the infringing iProov technologies used by Jumio do, and —for this reason—FaceTec's Complaint identifies this Jumio-branded technology as an Accused Instrumentality.  But in recent communications, Jumio has indicated that its "own" liveness detection technology is different from iProov's.  To date, Jumio has provided no specific information about any such differences or about the features and operations of any such supposedly different Jumio liveness detection technology.  Early determination of this information will clarify the appropriate scope of and issues in this case and could make it necessary or appropriate to amend FaceTec's complaint and/or infringement contentions.

### *Jumio's Position:*

Jumio is a pioneer in the field of online identity verification and one of the world's leading providers of automated online identity verification services. Jumio offers its customers the ability to verify the identity of online users through a process similar to that used in the real world—by looking at an ID and comparing it to the user's face. Jumio's services are used by both regulated and non-regulated industries to onboard and verify the identity of new customers. Customers in regulated industries are often required by law to use a service like Jumio's to verify their online users. Jumio's regulated industry customers include some of the world's largest traditional banks and challenger banks, and many of the world's largest online gaming sites, and telehealth companies. Jumio's nonregulated customers include major airlines, ridesharing companies, shared office companies, social networks, and many others.

In recent years, many companies have added an additional security feature to the selfie capture commonly called a "Liveness Check." The purpose of the Liveness Check is to make sure that the individual using the technology is a live person, as opposed to, for example, an image of a person. A Liveness Check confirms that the person seeking access is a living human being reacting in real-time, to further help deter fraud.

In October 2018, Jumio contracted with FaceTec for FaceTec to provide some Liveness Check technology for Jumio (and, thus, for Jumio's business customers). But in early 2021, Jumio began migrating some of its customers to a different Liveness Check vendor, iProov (a company based in England).[2] Following migration to iProov, iProov provided Liveness Checks to some of Jumio's customers. Indeed, with some minor exceptions, the claim charts attached to FaceTec's complaint appear to show iProov's technology, not Jumio's.

In July 2022, Jumio acquired, among other things, the intellectual property assets of EyeVerify. EyeVerify was an early developer of Liveness Check technology. EyeVerify patented its own Liveness Check systems and methods as early as 2012—some two years *before* the earliest possible priority date of FaceTec's patents. Based, at least in part, on the technology taught in the EyeVerify (now Jumio) patents, Jumio has since developed its own Liveness Check technology and is transitioning away from iProov's.

It is unclear from the Complaint whether FaceTec is asserting infringement against iProov's technology, Jumio's technology, or both. But because it appears that FaceTec is, at minimum, asserting that iProov's technology infringes its patents (it does not), Jumio understands that iProov intends to request that the Court permit it to intervene to defend itself. Jumio does not object to iProov's intervention but reserves its right to a separate trial under, for example, 35 U.S.C. § 299. To the extent that iProov asserts infringement against Jumio, Jumio's technology does not infringe FaceTec's patents, and predates FaceTec's patents. Moreover, FaceTec was obligated *before* filing its complaint to engage in a reasonable investigation. Attempting to reverse the burden of proof, FaceTec now asks Jumio to explain to FaceTec why it does not infringe. Had FaceTec engaged in proper prefiling investigation, it would have known that Jumio's systems do not infringe and would not have improperly accused Jumio of infringement.

Finally, the Court should be aware of the related pending litigation initiated by FaceTec in the United States District Court for the District of Nevada, Case No. 21-cv-02252-ART-BNW (the

---

[2]     In FaceTec's portion of this paper, FaceTec claims that Jumio breached this agreement. That is both untrue and irrelevant; it was FaceTec that breached the agreement. FaceTec and Jumio's contract dispute is in arbitration and has nothing whatsoever to do with this patent dispute.

**JOINT CASE MANAGEMENT STATEMENT**

"Nevada Case"). In the Nevada Case, FaceTec asserts that iProov's liveness detection infringes two of the four patents asserted here—U.S. Patent No. 10,776,471 B2 ("the '471 patent") and U.S. Patent No. US 11,157,606 B2 ("the '606 Patent"). Discovery remains open, claim construction has not been completed, and no trial date has been set in the Nevada Case.

**3.     Legal Issues**

### *FaceTec's Position:*

FaceTec asserts that Jumio infringes its patents under 35 U.S.C. § 271. Jumio denies infringement. Jumio currently asserts claims for declaratory relief of noninfringement and invalidity. FaceTec anticipates that the disputed points of law will relate to patent infringement and patent validity. Specifically, the parties will no doubt disagree as to the appropriate construction of claims of each of the asserted patents, such that this Court will need to conduct claim construction for each asserted patent. Further, Jumio has asserted multiple defenses challenging the validity of FaceTec's patents, which FaceTec disputes.

### *Jumio's Position:*

FaceTec asserts that Jumio infringes its patents under 35 U.S.C. § 271. Jumio denies infringement. Jumio currently asserts claims for declaratory relief of noninfringement and invalidity. Jumio intends to file amended counterclaims to assert patent infringement under 35 U.S.C. § 271 against FaceTec.

**4.     Motions**

There are no motions currently pending before the Court. However, Jumio expects iProov to file a motion to intervene pursuant to Fed. R. Civ. P. 24 prior to the Initial Case Management Conference, currently set for September 18, 2024.

Further, in the ordinary course of litigation, after the parties have exchanged infringement and invalidity contentions pursuant to the Local Patent Rules, after the Court has conducted a claim construction hearing, and issues a claim construction order, the Parties anticipate filing cross-motions for summary judgment.

**5.      Amendment of Pleadings**

Jumio intends to file amended counterclaims asserting that FaceTec infringes certain of its patents in accordance with the deadlines provided in Fed. R. Civ. P. 15(a)(1)(B).

Depending on the information determined, FaceTec may seek to amend its complaint and/or its infringement contentions upon obtaining discovery or disclosures concerning Jumio-branded liveness detection technologies.

**6.      Evidence Preservation**

The Parties certify that they have reviewed the ESI Guidelines, and met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action on August 29, 2024.

**7.      Disclosures**

Pursuant to Fed. R. Civ. P. 26(a)(1), the Parties will exchange initial disclosures no later than September 12, 2024.

**8.      Discovery**

The Parties have not yet propounded discovery.

FaceTec believes that the scope of discovery will include the technologies used by Jumio, including a review of the source code for Jumio's products and services, changelogs related to Jumio's source code, emails between within Jumio, emails between Jumio and iProov, internal documents related to Jumio technology, and documents related to prior art.  Jumio believes that discovery will include technologies used by FaceTec, including a review of source code for FaceTec's products and services, changelogs related to FaceTec's source code, emails within FaceTec, FaceTec's communications with other vendors of Liveness Detection, internal documents related to FaceTec's technology, and documents related to prior art.

The Parties do not currently have any proposed limitations or modifications to the discovery rules. The Parties have considered entering into a stipulated e-discovery order and discussed a discovery plan pursuant to Fed. R. Civ. P. 26(f), but have not yet reached any agreement(s). The Parties have not identified any discovery disputes to date.

**JOINT CASE MANAGEMENT STATEMENT**

**9. Class Actions**

This is not a class action.

**10. Related Cases**

*FaceTec's Position:*

There are no related cases. The action between FaceTec and iProov in the District of Nevada is separate and unrelated to this litigation.

*Jumio's Position:*

As noted above, the pending Nevada Case (No. 21-cv-02252-ART-BNW) between FaceTec and iProov is related to this case. In the Nevada Case, FaceTec has asserted against iProov two of the four patent asserted here against Jumio—the '471 and '606 Patents. FaceTec's infringement allegations are, at least in part, directed to iProov's technology and, therefore, substantially overlap with its allegations in the Nevada case.

**11. Relief**

*FaceTec's Position:*

FaceTec seeks relief in this action in the form of damages consisting of a reasonable royalty for every infringement by Jumio of FaceTec's patented technologies.

*Jumio's Position:*

Jumio denies that it has infringed any valid claim of the FaceTec Asserted Patents and, therefore, FaceTec is not entitled to any relief whatsoever, including monetary damages. Jumio further contends that it is entitled to a declaratory judgment that (1) Jumio's products do not infringe the FaceTec Asserted Patents, and (2) the FaceTec Asserted Patents are invalid. To the extent FaceTec could establish liability (it cannot), it is Jumio's position that damages should be calculated as a reasonable royalty pursuant to the hypothetical negotiation framework and non-exhaustive *Georgia-Pacific* factors.

**12. Settlement and ADR**

The Parties have met and conferred regarding an ADR process for the case pursuant to ADR Local Rule 3-5 (*see* Dkts. 30 & 31), and intend to stipulate to an ADR process, the negotiation of which is ongoing.

### 13.  Other References

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 14.  Narrowing of Issues

#### *FaceTec's Position:*

Based on the information presently available, FaceTec believes that narrowing the following issues may be consequential to the case:

- Discovery into—or voluntary disclosure of—the details of Jumio-branded liveness detection technologies, which Jumio has recently begun offering in addition to liveness detection technologies provided to Jumio by iProov.  FaceTec's pre-filing investigation suggested that the Jumio-branded liveness detection technologies are the same as or substantially similar to the infringing iProov technologies used by Jumio.  In recent communications, Jumio has indicated that its "own" liveness detection technology is different from iProov's; but Jumio has provided no specific information about any such differences or about the features and operations of any such supposedly different Jumio liveness detection technology.  Early determination of this information will clarify the appropriate scope of and issues in this case.

- Claim construction to resolve any disagreements about the scope of the asserted patent claims that may be important to—or even dispositive of—issues of infringement or validity in this case.

#### *Jumio's Position:*

Jumio anticipates that it will file challenges to the patentability of the FaceTec Asserted Patents before the Patent Trial and Appeal Board. Those challenges will significantly narrow the issues for trial, or eliminate the need for trial in its entirety, if successful. Jumio will consider moving for a stay of this action pending the PTAB's review to simplify the issues.

15.    **Scheduling**

Below is a proposed schedule encompassing the relevant dates for FaceTec's claims, and Jumio's forthcoming counterclaims, of infringement. Where the parties disagree, the parties' respective proposals are set out side by side.

| Event | FaceTec's Proposed Date | Jumio's Proposed Date |
|---|---|---|
| Initial Case Management Conference | 9/18/2024 | |
| FaceTec PLR 3-1 Disclosure of Asserted Claims and Infringement Contentions, and PLR 3-2 Document Production | 11/12/2024 (Same date as Jumio's agreed PLR 3-1 and 3-2 date below) | 10/2/2024 (14 days after the Initial Case Management Conference) |
| Jumio PLR 3-1 Disclosure of Asserted Claims and Infringement Contentions, and PLR 3-2 Document Production | 11/12/2024 | |
| Last Day to Amend Pleadings | 12/17/2024 (90 days after the Initial Case Management Conference, allowing FaceTec time to respond to Jumio amendments and conduct discovery on recent Jumio products) | 11/17/2024 (60 days after the Initial Case Management Conference) |
| Jumio PLR 3-3 Disclosure of Invalidity Contentions, and PLR 3-4 Document Production | 12/27/2024 (45 days after PLR 3-1 disclosures) | 11/18/2024 (45 days after FaceTec's PLR 3-1 disclosures) |
| PLR 4-1 Exchange of Proposed Terms for Construction (FaceTec Asserted Patents) | 1/10/2025 (14 days after PLR 3-3 disclosures) | 12/2/2024 (14 days after Jumio's PLR 3-3 disclosures) |

JOINT CASE MANAGEMENT STATEMENT

| Event | FaceTec's Proposed Date | Jumio's Proposed Date |
|---|---|---|
| PLR 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence (FaceTec Asserted Patents) | 1/31/2025 (21 days after PLR 4-1 exchange) | 12/23/2024 (21 days after relevant PLR 4-1 exchange) |
| FaceTec PLR 3-3 Disclosure of Invalidity Contentions, and PLR 3-4 Document Production | 12/27/2024 (45 days after Jumio's PLR 3-1 disclosures) | |
| PLR 4-1 Exchange of Proposed Terms for Construction (Jumio Asserted Patents) | 1/10/2025 (14 days after FaceTec's PLR 3-3 disclosures) | |
| FaceTec PLR 3-8 Disclosure of Damages Contentions | 2/17/2025 (50 days after PLR 3-3 disclosures) | 1/7/2025 (50 days after Jumio's PLR 3-3 disclosures) |
| PLR 4-3 Joint Claim Construction and Prehearing Statement and Expert Reports (FaceTec Asserted Patents) | 2/25/2025 (60 days after PLR 3-3 disclosures) | 1/17/2025 (60 days after Jumio's PLR 3-3 disclosures) |
| PLR 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Jumio Asserted Patents) | 1/31/2025 (21 days after relevant PLR 4-1 exchange) | |
| Jumio PLR 3-9 Disclosure of Responsive Damages Contentions | 3/19/2025 (30 days after PLR 3-8 disclosures) | 2/6/2025 (30 days after FaceTec's PLR 3-8 disclosures) |
| PLR 4-4 Deadline for Completion of Claim Construction Discovery (FaceTec Asserted Patents) | 3/27/2025 (30 days after PLR 4-3 deadline) | 2/18/2025 (30 days after relevant PLR 4-3 deadline) |
| Jumio PLR 3-8 Disclosure of Damages Contentions | 2/17/2025 (50 days after FaceTec's PLR 3-3 disclosures) | |
| PLR 4-3 Joint Claim Construction and Prehearing Statement and Expert Reports (Jumio Asserted Patents) | 2/25/2025 (60 days after FaceTec's PLR 3-3 disclosures) | |

| Event | FaceTec's Proposed Date | Jumio's Proposed Date |
|---|---|---|
| PLR 4-5 Deadline for FaceTec to file Opening Claim Construction Brief | 4/11/2025 (45 days after PLR 4-3 deadline) | 3/3/2025 (45 days after relevant PLR 4-3 deadline) |
| PLR 4-5 Deadline for Jumio to file Responsive Claim Construction Brief | 4/25/2025 (14 days after opening brief) | 3/17/2025 (14 days after opening brief) |
| FaceTec PLR 3-9 Disclosure of Responsive Damages Contentions | 3/19/2025 (30 days after Jumio's PLR 3-8 disclosures) | |
| PLR 4-5 Deadline for FaceTec to file Reply Claim Construction Brief | 5/2/2025 (7 days after response brief) | 3/24/2025 (7 days after response brief) |
| PLR 4-4 Deadline for Completion of Claim Construction Discovery (Jumio Asserted Patents) | 3/27/2025 (30 days after PLR 4-3 deadline) | |
| PLR 3-10 Damages Contentions Meeting and Certification (FaceTec Asserted Patents) | 5/19/2025 (60 days after PLR 3-9 disclosures) | 4/7/2025 (60 days after Jumio's PLR 3-9 disclosures) |
| PLR 4-6 Claim Construction Hearing (FaceTec Asserted Patents) | On or after 5/16/2025, at the Court's convenience (two weeks after reply brief) | On or after 4/8/2025, at the Court's convenience (two weeks after reply brief) |
| PLR 3-7 Deadline to disclose intent to rely on Advice of Counsel for any claim or defense related to the FaceTec Asserted Patents | 30 days after service by the Court of its Claim Construction Ruling | |
| PLR 4-5 Deadline for Jumio to file Opening Claim Construction Brief | 4/11/2025 (45 days after relevant PLR 4-3 deadline) | |
| PLR 4-5 Deadline for FaceTec to file Responsive Claim Construction Brief | 4/25/2025 (14 days after opening brief) | |

| Event | FaceTec's Proposed Date | Jumio's Proposed Date |
|---|---|---|
| PLR 4-5 Deadline for Jumio to file Reply Claim Construction Brief | 5/2/2025<br>(7 days after response brief) | |
| PLR 3-10 Damages Contentions Meeting and Certification (Jumio Asserted Patents) | 5/19/2025<br>(60 days after FaceTec's PLR 3-9 disclosures) | |
| PLR 4-6 Claim Construction Hearing (Jumio Asserted Patents) | On or after 5/16/2025, at the Court's convenience<br>(two weeks after reply brief) | On or after 5/20/2025, at the Court's convenience<br>(two weeks after reply brief) |
| PLR 3-7 Deadline to disclose intent to rely on Advice of Counsel for any claim or defense related to the Jumio Asserted Patents | 30 days after service by the Court of its Claim Construction Ruling | |
| Last Day to Notice Depositions | 30 days before Fact Discovery Cut-Off | |
| Further Case Management Conference | 4 weeks before Fact Discovery Cut-Off | |
| Fact Discovery Cut-Off | 90 days after service by the Court of its Claim Construction Ruling on the Jumio Asserted Patents[3] | |
| Opening Expert Disclosures | 60 days after Fact Discovery Cut-Off | |
| Rebuttal Expert Disclosures | 60 days after Opening Expert Disclosures | |
| Expert Discovery Cut-Off | 30 days after Rebuttal Expert Disclosures | |
| Deadline to File Dispositive Motions, Motions to Strike Experts, and *Daubert* Motions<br><br>In the event of cross-motions for summary judgment, deadline for patent owner to file opening brief | 60 days after Expert Discovery Cut-Off | |

---

[3] Or 90 days after service by the Court of its Claim Construction Ruling on the FaceTec Asserted Patents, whichever is later.

**JOINT CASE MANAGEMENT STATEMENT**

| Event | FaceTec's Proposed Date | Jumio's Proposed Date |
|---|---|---|
| Deadline to File Responses to Dispositive Motions, Motions to Strike Experts, and *Daubert* Motions<br><br>In the event of cross-motions for summary judgment, deadline for [counter-]defendant to file opening/opposition brief | 30 days after motions are filed | |
| Deadline to File Replies in support of Dispositive Motions, Motions to Strike Experts, and *Daubert* Motions | 14 days after responses are filed | |
| In the event of cross-motions for summary judgment, deadline for patent owner to file opposition/reply brief | 30 days after opening/opposition brief is filed | |
| In the event of cross-motions for summary judgment, deadline for [counter-]defendant to file reply brief | 14 days after opposition/reply brief is filed | |
| Hearing on Dispositive Motions, Motions to Strike Experts, and *Daubert* Motions | At least 14 days after final motion briefs are filed, at the Court's convenience | |
| Pretrial Conference | Approx. 3 months after the Motions Hearing, at the Court's convenience | |
| Trial | Approx. 4 weeks after the Pretrial Conference, at the Court's convenience | |

### 16.    Trial

#### *FaceTec's Position:*

Plaintiff has demanded a jury trial in this action and believes that trial will take five to seven days.  Jumio has not asserted any patents of its own in this case; if Jumio amends its pleadings, FaceTec will respond accordingly.

#### *Jumio's Position:*

Jumio demands a jury trial on all issues so triable. Given that both parties will be asserting patents in this case, Jumio expects the length of the trial to be two weeks (10 court days).

JOINT CASE MANAGEMENT STATEMENT

**17. Disclosure of Non-party Interested Entities or Persons**

*FaceTec's Position:*

FaceTec has filed its "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-15. (Dkt. No. 4.)  Plaintiff hereby identifies the following persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:  iProov Ltd., Defendant in District of Nevada case no. 2:21-cv-02252-ART-BNW, FaceTec, Inc. v. iProov Ltd.

*Jumio's Position:*

Jumio has filed its Certification of Conflicts and Interested Entities or Persons pursuant to Civil Local Rule 3-15 (*see* Dkt. 17) and reaffirms that, as of the date of this joint statement, there is no conflict or interest (other than the named parties) to report. As noted above, however, Jumio expects iProov to file a motion to intervene in this case and does not intend to oppose such a motion.

**18. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Topics Pursuant to Patent Local Rules 2-1(b)**

(1)  The Parties have no proposed modifications of the obligations or deadlines set forth in the Patent Local Rules and believe the Patent Local Rules to be suitable for this case. However, as indicated in the proposed schedule set forth in Section 15, above, the Parties believe that certain deadlines set forth in the Civil Local Rules and this Court's Standing Order should be extended based on the nature and complexities of this case.

(2)  The proposed schedule set forth in Section 15, above, includes the timing of claim construction and damages discovery. The Parties have not yet proposed or agreed upon any limits to the scope of such discovery.

(3)  The Parties agree that the Court should not hear live testimony at the Claim Construction Hearings. The order of presentation should follow the order of briefing for each disputed claim term. That is, at the Claim Construction Hearing for the FaceTec Asserted Patents, for each disputed claim term, FaceTec should have the opportunity to present its position and Jumio should have the opportunity to respond before either party addresses the next term (and vice versa at the hearing for Jumio's patents). The Parties estimate that each hearing can be completed in approximately 3 to 5 hours.

(4)  The Parties will educate the Court on the technology at issue through tutorials offered by both sides.

(5)  FaceTec is currently unable to provide an estimate of the damages range expected for this case because it currently lacks knowledge as to the number of liveness verifications performed by Jumio using infringing technology. FaceTec will need discovery into Jumio's activities as well as Jumio's technology before it can do so. FaceTec will be in a position to provide such estimate and information within one week of receiving discovery responses in the form of documents and information from Jumio.

Dated: September 12, 2024

**ONE LLP**

By: */s/ Nathaniel L. Dilger*
Nathaniel L. Dilger
Peter R. Afrasiabi
William J. O'Brien
*Attorneys for Plaintiff,*
FaceTec, Inc.

Dated: September 12, 2024

**PERKINS COIE LLP**

By: */s/ Grant E. Kinsel*
Grant E. Kinsel, Bar No. 172,407
Jessica Delacenserie, *pro hac vice*
Samantha Carl, *pro hac vice*
David Krohn, *pro hac vice*
Jessica Kaiser, *pro hac vice*
Tyler Knox, *pro hac vice*

Attorneys for JUMIO CORPORATION

## <u>ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)</u>

Pursuant to Local Rule 5-1(i)(3) I, Nathaniel L. Dilger, attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

Dated: September 12, 2024

ONE LLP

By: /s/ Nathaniel L. Dilger
Nathaniel L. Dilger

*Attorneys for Plaintiff,*
FaceTec, Inc.