# EXHIBIT C

Nathaniel L. Dilger (CA Bar No. 196203)
Email: ndilger@onellp.com
Peter R. Afrasiabi (CA Bar No. 193336)
Email: pafrasiabi@onellp.com
Taylor C. Foss (CA Bar No. 253486)
tfoss@onellp.com
**ONE LLP**
23 Corporate Plaza
Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

William J. O'Brien (CA Bar No. 99526)
Email: wobrien@onellp.com
**ONE LLP**
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Telephone: (310) 866-5158
Facsimile: (949) 943-2085

*Attorneys for Plaintiff and Counter-Defendant,*
FaceTec, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FACETEC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUMIO CORPORATION, a Delaware corporation,<br><br>Defendant,<br><br>and<br><br>IRPOOV, LTD., a United Kingdom limited company,<br><br>Defendant-Intervenor.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:24-cv-03623-RFL<br>Hon. Rita F. Lin<br><br>**FACETEC, INC.'S MEMORANDUM IN OPPOSITION TO MOTION FOR STAY**<br><br>Date:    January 7, 2024<br>Time:    10:00 AM<br>Crtrm:  15<br><br>Complaint Filed: June 14, 2024 |

**TABLE OF CONTENTS**

I.    INTRODUCTION……………………………………………………………………1

II.    FACTUAL BACKGROUND…………………………………...……………2

    A.    Jumio's IPR Petitions………………………………………...…………2

    B.    FaceTec's Disqualification Motion…………………………………...…4

III.    THE COURT HAS DISCRETION TO DECIDE WHETHER TO ORDER A STAY……5

IV.    PERKINS SHOULD NOT BE ALLOWED TO EVADE A RULING ON ITS
DISQUALIFICATION………………………………………………………6

V.    ANY STAY SHOULD AWAIT THE PTAB'S DECISIONS WHETHER TO INSTITUTE
ANY IPR PROCEEDINGS……………………………………………..6

    A.    Jumio Has Failed to Show that a Stay Will Simplify the Issues…………………..6

    B.    It Is Doubtful that the PTAB Will Institute the IPRs………………………8

    C.    The Nevada Case Does Not Justify a Stay…………………………..10

    D.    The Direct Competition Between FaceTec and Jumio Militates Against a Stay…11

VI.    CONCLUSION………………………………………………………...12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**

Case No. 3:24-cv-03623-RFL

1

# TABLE OF AUTHORITIES

**Page(s)**

2

3

**Cases**

4

*ADA Solutions, Inc. v. Engineered Plastics, Inc.*,
826 F.Supp.2d 348 (D. Mass. 2011) .................................................................. 12

5

*Allergan Inc. v. Cayman Chemical Co.*,
6  No. 07-cv-1316-JVS, 2009 U.S. Dist. LEXIS 131889 (C.D. Cal. 2009).............................. 12

7  *Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*,
No. 13-cv-00457-JST, 2014 U.S. Dist. LEXIS 47134 (N.D. Cal. Apr. 3, 2014)............... 5, 11

8

*Avago Techs. Fiber IP (Sing.) Pte Ltd. v. Iptronics Inc.*,
9  No. 10-CV-02863-EJD, 2011 U.S. Dist. LEXIS 82665 (N.D. Cal. Jul. 28, 2011)............. 5, 11

10
*CANVS Corp. v. United States*,
11  118 Fed. Cl. 587 (2014) ................................................................................... 12

12  *DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*,
No. 15-cv-1362-BLF, 2015 U.S. Dist. LEXIS 188626 (N.D. Cal. Oct. 13, 2015) ........... 6, 7, 8

13

*Entangled Media, LLC v. Dropbox Inc.*,
14  No. 23-cv-03264-PCP, 2024 U.S. Dist. LEXIS 81672 (N.D. Cal. May 3, 2024)................. 6, 7

15
*Entropic Commc'ns, LLC v. DIRECTV, LLC*,
No. 2:22-cv-07775, 2023 U.S. Dist. LEXIS 86017 (C.D. Cal. Apr. 17, 2023) ........................ 8

16

17  *Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988) ................................................................................ 5

18

*GoPro, Inc. v. C&A Mktg.*,
19  No. 16-cv-03590-JST, 2017 U.S. Dist. LEXIS 92480 (N.D. Cal. June 15, 2017).................... 5

20
*Haptic, Inc. v. Apple, Inc.*,
21  No. 3:24-cv-02296-JSC, 2024 U.S. Dist. LEXIS 211402 (N.D. Cal. Nov. 20, 2024)............................................................................................... 6

22

*Helena Labs. Corp. v. Sebia*,
23  IPR2024-00801, Paper 10 (P.T.A.B. Oct. 23, 2024)................................................ 9

24  *Hewlett-Packard Co. v. ServiceNow, Inc.*,
No. 14-cv-00570-BLF, 2015 U.S. Dist. LEXIS 47754 (N.D. Cal. April 9, 2015) ................. 11

25

26  *Int'l Test Sols., Inc. v. Mipox Int'l Corp.*,
No. 16-CV-00791-RS, 2017 U.S. Dist. LEXIS 54627 (N.D. Cal. Apr. 10, 2017) ................... 7

27

*Interwoven, Inc. v. Vertical Comput. Sys.*,
28  No. C 10-04645 RS, 2012 U.S. Dist. LEXIS 30946 (N.D. Cal. Mar. 8, 2012) ..................... 11

**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**

Case No. 3:24-cv-03623-RFL

*IriusRisk, Inc. v. Threatmodeler Software Inc.*,
    Paper 33 (P.T.A.B. Oct. 2, 2024) .................................................................... 10

*Nat'l. Oilwell Varco, L.P. v. Auto-Dril, Inc.*,
    2010 U.S. Dist. LEXIS 90963, 2010 WL 8923337 (E.D. Tex. 2010) ...................... 12

*Oil States Energy Services, LLC v. Greene's Energy Group, LLC.*,
    138 S.Ct. 1370 (2018) ...................................................................................... 12

*Robert Bosch Healthcare Sys. Inc. v. Cardiocom, LLC*,
    No. C-14-1575 EMC, 2014 U.S. Dist. LEXIS 92792 (N.D. Cal. July 3, 2014) ...................... 12

*Roku, Inc. v. Universal Elecs., Inc.*,
    IPR2019-01619, Paper 11 (P.T.A.B. Apr. 2, 2020) ...................................................... 9

*SAGE Electrochromics, Inc. v. View, Inc.*,
    2015 U.S. Dist. LEXIS 1056 (N.D. Cal. Jan. 5, 2015) ................................................ 7

*Siemens Mobility, Inc. et al. v. Metrom Rail, LLC*,
    IPR2024-00947, Paper 12 (P.T.A.B. Nov. 19, 2024) ................................................ 9

*Skillz Platform Inc. v. Aviagames Inc.*,
    No. 21-cv-02436-BLF, 2022 U.S. Dist. LEXIS 73230 (N.D. Cal. Apr. 13, 2022)............... 5, 7

*Telemac Corp. v. Teledigital, Inc.*,
    450 F. Supp. 2d 1107 (N.D. Cal. 2006) ...................................................................... 5

*TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*,
    Case No. 13-cv-02218 JST, 2013 U.S. Dist. LEXIS 162521, 2013 WL 6021324
    (N.D. Cal. Nov. 13, 2013) .................................................................................... 5, 8

*Tric Tools, Inc. v. TT Technologies, Inc.*,
    2012 U.S. Dist. LEXIS 174149, 2012 WL 6087483 (N.D. Cal. Dec. 6, 2012) ...................... 11

**Statutes**

35 U.S.C. § 325(d) .............................................................................................. 3, 4, 9

The America Invents Act ...................................................................................... 12

**Other Authorities**

California Rules of Professional Conduct 1.9-1.10........................................................ 4

Fed. R. Civ. P. 11 .............................................................................................. 10

U.S. Patent No. 8,437,513 .................................................................................... 2

U.S. Patent No. 10,776,471 ................................................................................ 3, 8, 9

**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**

## I.    INTRODUCTION

The Court should deny Jumio Corporation's ("Jumio") motion to stay this case pending completion of inter partes review proceedings at the Patent Trial and Appeal Board ("PTAB"). At best, a stay would be premature—for at least two reasons.

First, Jumio filed its request with the Court without even acknowledging – much less explaining – the existence of a troubling conflict caused by Perkins Coie LLP ("Perkins") representation of Jumio in a matter directly adverse to its former client, FaceTec.  Because of this conflict, FaceTec, Inc., has filed a motion to disqualify Perkins from continuing to represent Jumio in connection with this case. (*See* Dkt. No. 61.) As described in detail in FaceTec's concurrent disqualification motion, Perkins represented and received extensive confidential information from FaceTec regarding precisely the ***same*** FaceTec product and ***same*** FaceTec patent family that are squarely at issue here. (*See id*. at 2-9; *infra* § V.B.) Indeed, current Perkins partner Lowell Ness ***remains*** a corporate officer of FaceTec, and Perkins itself, via a holding company, remains one of the largest holders of FaceTec common stock.  Perkins thus violates its duties of loyalty and confidentiality owed to its former client by representing Jumio in a matter directly adverse to FaceTec related to precisely the same subject matter as its prior representation. (*See* Dkt. No. 61 at 9-14.)

Absent a ruling on disqualification—even with a stay in place—Perkins Coie would be free to continue to work in the background on this case, engaging in activities adverse to its former client FaceTec, using confidential information, and giving Jumio information and advice about facts and issues substantially related to Perkins Coie's previous representation of FaceTec, in violation of Perkins Coie's professional duties and FaceTec's rights. It would be unfair and inappropriate for Perkins Coie to continue representing and advising Jumio for months or even years while a stay is in effect. At a minimum, the Court should prevent this manifest prejudice to FaceTec and should first rule on FaceTec's pending motion for disqualification before entertaining a stay.

Second, even apart from the disqualification motion, a stay would be premature because the Patent Trial and Appeal Board ("PTAB") has not decided whether to institute *inter partes*

1

1  review of any of the four patents in suit. It is likely that the PTAB will not make that decision

2  until at least May. (*See infra* § V.A.) And there is serious reason to doubt that the PTAB will

3  decide to institute a review, since the most important prior art asserted by Jumio was already

4  considered by the Patent Office in allowing FaceTec's patents, and the other art is cumulative or

5  only marginally relevant. (*See infra* § V.B.) This case should not be left in abeyance for five

6  months or more based on a scant possibility that may never come to pass.

7        The memorandum supporting Jumio's motion is twenty-one pages long (exclusive of

8  tables, notice of motion, and signature page), exceeding the Court's 15-page limit by 6 pages. But

9  Jumio's overlength motion papers lack any analysis—or even any meaningful description—of its

10  IPR petitions or the purported bases for them. This notable omission highlights the dubious

11  prospects of these petitions. Further, Jumio has failed to show any likelihood that a stay prior to

12  the PTAB's determination decision will result in simplification of this case. The Court can revisit

13  the issue of a stay **if** the PTAB institutes *inter partes* reviews of the subject patents.

14  **II.   FACTUAL BACKGROUND**

15        **A.   Jumio's IPR Petitions**

16        In November 2024, Jumio filed four petitions for *inter partes* review, asking the PTAB of

17  the U.S. Patent and Trademark Office ("USPTO") to cancel the claims of the four patents asserted

18  by FaceTec in this case. (IPR2025-00106, IPR2025-00107, IPR2025-00108, IPR2025-00109.)

19  The PTAB sent out a notice a few days ago, giving FaceTec three months to file its preliminary

20  responses to the IPR petitions. (*See, e.g.,* IPR2025-00106, Patent 10,776,471 B2, Paper 5, page 1

21  "Patent Owner may file a preliminary response to the petition no later than three months from the

22  date of this notice.") After receiving those preliminary responses, the PTAB will decide whether

23  to institute *inter partes* reviews on the patents. That decision is not likely to take place until May.

24  (*See* Jumio's Mot., Dkt. No. 54 at 8:6-7.)

25        The centerpiece of each of Jumio's IPR petitions is U.S. Patent No. 8,437,513 issued to

26  Derakhshani (the "Derakhshani Patent"), on which each IPR petition relies as a primary reference.

27  But the Patent Examiner ***already*** considered this reference's teachings during prosecution of the

28  asserted patents and allowed the patents in view of them. Indeed, it was the Examiner who located

2

**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**

Case No. 3:24-cv-03623-RFL

1  and cited Derakhshani's teachings when he reviewed a published Derakhshani patent application

2  that has the same disclosure as the Derakhshani Patent. (*See* Dilger Decl., Exh. A (July 17, 2017,

3  Office Action, Notice of References Cited in Application No. 14/839,505, which issued as U.S.

4  9,953,149 (a grandparent to the challenged patents)). The Examiner thus had the teachings of the

5  Derakhshani Patent in front of him during prosecution of each of the asserted patents and

6  nevertheless issued the patents over this reference. (*See, e.g.*, U.S. Patent No. 10,776,471 at 3

7  ("References Cited" include U.S. Patent Application Publication 2014/0198959 to Derakhshani,

8  which contains the same teachings as the Derakhshani patent relied on by Jumio in its IPRs).)

9       Jumio acknowledges that Derakhshani's teachings were before the Examiner in ***only*** one

10  place in each IPR petition. (IPR2025-00106, Paper 1 at 83; IPR2025-00107, Paper 1 at 77;

11  IPR2025-00108, Paper 1 at 80; IPR2025-00109, Paper 1 at 86.).  More troubling, in other, more

12  prominent passages, Jumio misrepresented this history, misleadingly emphasizing that it was

13  relying on new prior art or saying that only one other, minor reference had been previously

14  considered. *See, e.g.*, IPR2025-00106, Paper 1 at 5 ("The only reference relied upon here that was

15  cited—but not applied—during prosecution is a later-issued patent from the Hoyos application.");

16  IPR2025-00108, Paper 1 at 5 ("None of the prior art presented here was before the Examiner.").

17  This is not a casual oversight either, as the applicable rules authorizes the PTAB exercise its

18  discretion and deny institution of IPRs when "the same or substantially the same prior art or

19  arguments previously were presented to the Office." 35 U.S.C. § 325(d)

20       Jumio's expert declarant attempted to likewise hide that Derakhshani's teachings had been

21  previously considered by the Office. (*See* IPR2025-00106, IPR2025-00107, IPR2025-00108,

22  IPR2025-00109, Paper 3 at 44 (for the '471 Patent, "[t]he only prior-art reference that I rely upon

23  below that appeared during prosecution is Hoyos."); *id.* at 51 (for the '938 Patent, "[n]one of the

24  prior art presented here was before the Examiner during prosecution.").

25       Other prior art cited by Jumio is either redundant with Derakhshani's teachings or of only

26  marginal significance. (*See infra* § V.B.)

27

28

1    Given the above, FaceTec intends to ask the PTAB to exercise its discretion under 35

2    U.S.C. § 325(d) and deny institution of Jumio's IPRs as based on "the same or substantially the

3    same prior art or arguments previously were presented to the Office."

4    **B.    FaceTec's Disqualification Motion**

5    As discussed more thoroughly in FaceTec's motion to disqualify Perkins Coie LLP (Dkt.

6    No. 61), Perkins represented FaceTec for several years in connection with patenting and

7    monetizing the very same technology at issue in this litigation: FaceTec's innovative methods and

8    techniques for biometric user authentication, face verification, and facial recognition. This

9    included Perkins directly prosecuting multiple patent applications filed by FaceTec on software

10   for user authentication, face verification, and facial recognition, referred to as "ZoOm," and also

11   counseling FaceTec—and receiving highly confidential information from FaceTec—regarding the

12   parent patent applications on which the patents asserted in this litigation are based. (*See* Dkt. No.

13   61 at 2-9.) Further, current Perkins partner Lowell Ness ***remains*** to this day the corporate

14   secretary of FaceTec, and Perkins partners (through a related investment entity) own a significant

15   and valuable stake in the company. (*See id.* at 14.)[1]

16   Laying out these facts, FaceTec's present counsel has demanded that Perkins withdraw

17   from representing Jumio in this case, in the IPRs, and in any related matters. (*See* Dilger Decl.

18   Exh. B.) But Perkins has refused and days after receiving FaceTec withdrawal demand, Perkins

19   filed the present stay motion without even identifying for the Court the existence of this troubling

20   issue. (*Id.*)

21   Accordingly, FaceTec has moved this Court to disqualify Perkins under at least California

22   Rules of Professional Conduct 1.9 and 1.10. (*See* Dkt. No. 61 at 9-11.)

23   **III.    THE COURT HAS DISCRETION TO DECIDE WHETHER TO ORDER A STAY**

24   The Court's decision whether to order a stay—and when to do so—is highly discretionary.

25   "While the case law states several general considerations that are helpful in determining whether

26

---

27   [1] During much of this time, FaceTec was operating under its former name, "Facial Network"; but
Perkins Coie was aware of the name change and indeed did the legal work necessary to implement
28   the name change.

**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**

Case No. 3:24-cv-03623-RFL

1    to order a stay, ultimately the Court must decide stay requests on a case-by-case basis." *TPK*

2    *Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, Case No. 13-cv-02218 JST, 2013 U.S. Dist.

3    LEXIS 162521, 2013 WL 6021324, at *1 (N.D. Cal. Nov. 13, 2013) (denying motion to stay

4    based on filed IPR); *accord*, *GoPro, Inc. v. C&A Mktg.*, No. 16-cv-03590-JST, 2017 U.S. Dist.

5    LEXIS 92480, at *5 (N.D. Cal. June 15, 2017) (denying motion to stay as to IPR); *Asetek*

6    *Holdings, Inc. v. Cooler Master Co., Ltd.*, No. 13-cv-00457-JST, 2014 U.S. Dist. LEXIS 47134 at

7    *19-20 (N.D. Cal. Apr. 3, 2014) (denying motion to stay as to instituted IPR).

8         "A court is under no obligation to stay proceedings pending parallel litigation in the

9    PTAB." *Skillz Platform Inc. v. Aviagames Inc*., No. 21-cv-02436-BLF, 2022 U.S. Dist. LEXIS

10    73230, at *4-5 (N.D. Cal. Apr. 13, 2022) (denying stay prior to institution without prejudice)

11    (citing *Aylus Networks, Inc. v. Apple, Inc*., No. C-13-4700 EMC, 2014 WL 5809053, at *1 (N.D.

12    Cal. Nov. 6, 2014) (denying motion to staying pending institution of IPR) ("A district court has

13    inherent power to manage its own docket and stay proceedings")); *Ethicon, Inc. v. Quigg*, 849

14    F.2d 1422, 1427 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay

15    proceedings . . ."). The moving party bears the burden of proof that a stay is appropriate. *See*

16    *Skillz Platform*, 2022 U.S. Dist. LEXIS 73230 at *4-5.

17         Courts look to multiple factors in deciding whether to order a stay pending the filing or

18    institution of an IPR.[2] A stay should be denied where it would unduly prejudice and tactically

19    disadvantage the opposing party, which would obviously be the case here given the troubling

20    issue of Perkin's prior representation of Facetec.  A stay would mean Perkins could continue to

21    engage in ongoing ethical violations. Nor is it clear that a stay would simplify the issues in this

22    case when it remains wholly unclear and highly questionable whether an IPR will ever be

23    instituted. The Court should therefore exercise its discretion to deny Jumio's motion.

24    _____

25    [2] The factors that courts in this District consider when determining whether to stay litigation are:
(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will

26    simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice
or present a clear tactical disadvantage to the nonmoving party. *Telemac Corp. v. Teledigital, Inc.*,

27    450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (denying motion to stay); *Avago Techs. Fiber IP*,
2011 U.S. Dist. LEXIS 82665 at *12 (denying motion to stay despite pending reexamination).

28    "Case-specific equitable concerns are also often taken into account." *Id.*

**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**

**IV.     PERKINS SHOULD NOT BE ALLOWED TO EVADE A RULING ON ITS DISQUALIFICATION.**

Ordering a stay before ruling on FaceTec's disqualification motion would "present a clear tactical disadvantage" to FaceTec and unduly prejudice it. *Entangled Media, LLC v. Dropbox Inc.*, No. 23-cv-03264-PCP, 2024 U.S. Dist. LEXIS 81672, at *5 (N.D. Cal. May 3, 2024) (denying motion to stay based on filed IPR). FaceTec should not be forced to endure ongoing ethical violations by its former counsel just because of the filing of IPRs and a motion to stay, particularly when Perkins (1) participated in the development of FaceTec's ZoOm biometric security software and the prosecution of the patent portfolio related to this product (including the very patents asserted here), (2) continues to serve as FaceTec's corporate secretary, and (3) to date owns a large stake in FaceTec's company. (*See* Dkt. No. 61 at 10.)

The Court should promptly resolve these ethical issues and put an end to such violations by Perkins prior to considering any potential stay.

**V.     ANY STAY SHOULD AWAIT THE PTAB'S DECISIONS WHETHER TO INSTITUTE ANY IPR PROCEEDINGS.**

**A.     Jumio Has Failed to Show that a Stay Will Simplify the Issues.**

The Court should decline to stay this case at least until the PTAB decides whether to institute the IPRs filed by Jumio. Regarding the question of simplification, Jumio's arguments are entirely speculative and lack any meaningful factual support. "[T]he filing of an IPR request does not by itself simplify the issues in a case." *DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-cv-1362-BLF, 2015 U.S. Dist. LEXIS 188626, at *2 (N.D. Cal. Oct. 13, 2015) (denying motion to stay); *see Haptic, Inc. v. Apple, Inc.*, No. 3:24-cv-02296-JSC, 2024 U.S. Dist. LEXIS 211402, at *7 (N.D. Cal. Nov. 20, 2024) (denying motion to stay based on filed IPR).

"[T]he question of whether a stay will simplify and streamline the issues in this litigation depends entirely on whether the PTAB decides to grant the IPR petition." *Dicon Fiberoptics*, 2015 U.S. Dist. LEXIS 188626, at *5. "Since the PTAB may decide not to institute IPR, there is a possibility that a 5-month stay would only delay the case without any benefit to the Court or the parties." *Skillz Platform*, 2022 U.S. Dist. LEXIS 73230, at *13; *see also id*. at *9 (citing

**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**

Case No. 3:24-cv-03623-RFL

1    *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, at 1315-16 (Fed. Cir. 2014) ("[I]t was

2    not error for the district court to wait until the PTAB made its decision to institute [ ] review

3    before it ruled on the motion. Indeed, while some district courts ruled on motions to stay before

4    the PTAB granted the petition for post-grant review . . . others have waited until post-grant review

5    was instituted[.]")).

6          Accordingly, courts in this district have frequently found that "any simplification of the

7    issues is speculative because the PTAB has not yet instituted review" and have denied motions to

8    stay on that ground. *See Entangled Media,* 2024 U.S. Dist. LEXIS 81672, at *8 (denying motion

9    to stay based on filed IPR) (finding that any prediction as to whether the PTAB will institute the

10   IPRs is speculative and "untethered from the specific facts of this case," and as such provides

11   little guidance to the Court); *Skillz Platform*, 2022 U.S. Dist. LEXIS 73230, at *8-9 ("The Court

12   finds that simplification from the IPRs is purely speculative at this stage.") (citing *Lighting*

13   *Science Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co., Ltd.*, No. 16-cv-03886-BLF,

14   2017 U.S. Dist. LEXIS 94182 at *8-9 (N.D. Cal. June 19, 2017) ("[W]hen the PTAB has never

15   before considered the patentability of particular patent claims, the simple fact that a petition has

16   been filed gives little indication as to the future course of the IPR.")); *Int'l Test Sols., Inc. v.*

17   *Mipox Int'l Corp.*, No. 16-CV-00791-RS, 2017 U.S. Dist. LEXIS 54627 at *6 (N.D. Cal. Apr. 10,

18   2017) (denying motion to stay) ("[S]everal courts in this district have recently declined to grant a

19   stay, where, as here, 'the PTAB has not yet acted on the petitions.'") (quoting *Hewlett-Packard*

20   *Co. v. ServiceNow, Inc.*, No. 14-cv-00570-BLF, 2015 U.S. Dist. LEXIS 47754 at *6 (N.D. Cal.

21   April 9, 2015) (denying motion to stay)); *SAGE Electrochromics, Inc. v. View, Inc.*, 2015 U.S.

22   Dist. LEXIS 1056 at *10 (N.D. Cal. Jan. 5, 2015) ("the uncertainty surrounding whether the PTO

23   will elect to institute IPR proceedings weighs against a finding of likelihood of simplification of

24   the issues"); *DiCon Fiberoptics, Inc.*, 2015 U.S. Dist. LEXIS 188626, at *6 (denying motion to

25   stay pending IPR) ("Absent unusual circumstances, the Court finds that the filing of an IPR

26   request does not by itself simplify the issues in a case."); *TPK Touch Sols.*, 2013 U.S. Dist.

27   LEXIS 162521, at *12 (denying motion to stay as to filed IPR) ("While an IPR proceeding might

28   simplify a case once IPR has been granted, at this point it is too early to draw that conclusion.");

7

**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**

1    *see also Entropic Commc'ns, LLC v. DIRECTV, LLC*, No. 2:22-cv-07775, 2023 U.S. Dist. LEXIS

2    86017, at *7 (C.D. Cal. Apr. 17, 2023) (denying motion to stay) ("This case is in its early stages,

3    but any simplification of the issues is speculative because the PTAB has not yet decided to

4    institute review of DISH's petitions."). This Court should do the same.

5              **B.        It Is Doubtful that the PTAB Will Institute the IPRs.**

6              The IPRs filed by Jumio are weak and may never be instituted. Indeed, they all share a

7    potentially fatal flaw—which Jumio has misleadingly attempted to obscure from the PTAB—

8    namely that both Jumio's counsel and its expert declarant have falsely stated multiple times in

9    their IPR filings that the prior art on which they are relying consists almost entirely of "new"

10   references that were not before the Patent Office when it issued the challenged patents. *See, e.g.*,

11   IPR2025-00106, Paper 1 at 5 ("The only reference relied upon here that was cited—but not

12   applied—during prosecution is a later-issued patent from the Hoyos application."); IPR2025-

13   00108, Paper 1 at 5 ("None of the prior art presented here was before the Examiner."); IPR2025-

14   00106, IPR2025-00107, IPR2025-00108, IPR2025-00109, Paper 3 at 44 (for the '471 Patent,

15   "[t]he only prior-art reference that I rely upon below that appeared during prosecution is

16   Hoyos."); *id.* at 51 (for the '938 Patent, "[n]one of the prior art presented here was before the

17   Examiner during prosecution.").

18             But in fact, the very centerpiece of each and every one of Jumio's IPR petitions—the

19   Derakhshani Patent—**was** considered by the Patent Examiner during prosecution of the asserted

20   patents. Indeed, the Examiner originally located and cited a Derakhshani patent publication

21   having the identical disclosure as the Derakhshani Patent. (*See* Dilger Decl., Exh. A (July 17,

22   2017, Office Action, Notice of References Cited in Application No. 14/839,505). Derakhshani's

23   teachings were then placed in front of the Examiner during prosecution of each of the asserted

24   patents. (*See, e.g.*, Dkt. No. 1-1, Complaint Exh. A, U.S. Patent No. 10,776,471 at 3 ("References

25   Cited" include U.S. Patent Application Publication 2014/0198959 to Derakhshani, which contains

26   the same teachings as the Derakhshani patent relied on by Jumio in its IPRs).)

27             These misrepresentations undermine the credibility of Jumio's petitions and raise a strong

28   prospect that the PTAB will exercise its discretion to deny institution of the requested IPRs under

**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**

Case No. 3:24-cv-03623-RFL

1   35 U.S.C. § 325(d), which applies when "the same or substantially the same prior art or

2   arguments previously were presented to the Office." Here, Derakhshani's teachings were well-

3   known to the Examiner in one of the earliest applications in the challenged patents' family, and he

4   was reminded of it during prosecution of every asserted patent. The PTAB has regularly exercised

5   its Section 325(d) denial discretion, and there is good reason to believe it may do so here. *See,*

6   *e.g., Siemens Mobility, Inc. et al. v. Metrom Rail, LLC*, IPR2024-00947, Paper 12 (P.T.A.B. Nov.

7   19, 2024) (denying institution under § 325(d); *Helena Labs. Corp. v. Sebia*, IPR2024-00801,

8   Paper 10 (P.T.A.B. Oct. 23, 2024) (same).

9         While Jumio also provided an alternative reference, the Zhang Patent, as the primary

10   reference in Ground 2 of each IPR, that patent does not appear to add anything meaningful

11   beyond the teachings of the already-considered Derakhshani Patent. Jumio indeed relies on the

12   Zhang Patent as teaching the same claim limitations as Derakhshani for many of the challenged

13   claims. (*Compare* IPR2025-00106, Paper 1 at 16-27, *with id.* at 53-63 (Jumio relying on Zhang

14   and Derakhshani for the same limitations for claim 1).) When a reference provides teachings that

15   are cumulative of those that were already considered by the Office, the PTAB has invoked

16   Section 325(d) to deny institution. *See, e.g., Helena Labs. Corp.*, IPR2024-00801, Paper 10 at 8

17   ("We determine below that each of the asserted references are the same as, or cumulative to,

18   references presented to the Examiner during prosecution and, thus, we determine that the 'same or

19   substantially the same prior art' previously was presented to the Office."); *Roku, Inc. v. Universal*

20   *Elecs., Inc.*, IPR2019-01619, Paper 11 at 16-17 (P.T.A.B. Apr. 2, 2020) (denying institution

21   where asserted reference was cumulative of a reference previously considered).

22         Jumio's IPR petitions also rely on a reference to Tanii, but Tanii focuses on correcting

23   image warp where the perspective is exaggerated due to an image being captured with a user's

24   face at close range. The Tanii reference has nothing to do with liveness detection, detecting three-

25   dimensionality, authentication, spoofing, or any other salient aspect related to the challenged

26   patents. Jumio suggests it would have been obvious to incorporate Tanii's imaging techniques

27   into the anti-spoofing systems of Derakhshani and Zhang, but there was no motivation to do so

28   without improper hindsight based on the teachings and claims of the challenged patents. *See, e.g.,*

9

**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**

1    *IriusRisk, Inc. v. Threatmodeler Software Inc.*, Paper 33 at 50 (P.T.A.B. Oct. 2, 2024) ("We agree

2    with Patent Owner and find Petitioner's arguments unpersuasive, because Petitioner's proffered

3    reasons for combining Zheng and Baker are plagued by impermissible hindsight."). In short,

4    Jumio is basically recycling prior-art teachings that the Patent Office already considered in

5    approving FaceTec's patents and has failed to offer the PTAB any compelling basis for *inter*

6    *partes* review.

7            **C.        The Nevada Case Does Not Justify a Stay.**

8            Besides citing the IPR petitions, Jumio tries to raise the litigation between FaceTec and

9    iProov in Nevada as somehow supporting a stay in this case. But Jumio provides no persuasive

10   argument or authority for staying this case on that basis. This case involves two patents that are

11   not asserted in the Nevada case, and the Nevada case is not close to reaching a resolution.

12   Although there has been significant activity in that case, important aspects have been on hold

13   since the parties completed the briefing of claim construction in January 2023—with no *Markman*

14   hearing scheduled to date and only *one* deposition taken.

15           In addition to including two different patents, this case is likely to involve different

16   products as well. While it appeared for a time that – based on the representations of Jumio's

17   counsel – FaceTec was mistaken in identifying Jumio's proprietary liveness assurance

18   technology, it now appears that FaceTec was correct. Ironically, while accusing FaceTec's

19   counsel of violating Rule 11, Jumio's counsel has repeatedly and profoundly contradicted clear

20   representations that he made to FaceTec's counsel—representations that led FaceTec to believe

21   that Jumio's proprietary liveness assurance technology was not at issue. Based on the statements

22   that Jumio's counsel made in his Rule 11 letter, it appears that Jumio's proprietary technology

23   does in fact infringe FaceTec's patents and provides another reason why this case should proceed

24   independently of the Nevada case.[3]

25

26

---

27   [3] It is meaningless for Jumio's counsel to argue that FaceTec cited a demonstration version of
     Jumio's liveness verification technology. If the demonstration shows how Jumio's technology

28   works—which is its whole purpose—then it can show infringement.

**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**
Case No. 3:24-cv-03623-RFL

1      **D.**     **The Direct Competition Between FaceTec and Jumio Militates Against a Stay.**

2      Another significant factor for the Court to consider is that FaceTec and Jumio are direct

3  competitors in providing verification services. (*See* Complaint, Docket No. 1 ¶ 30, "Jumio is a

4  direct competitor of FaceTec and provides competing biometric liveness detection software

5  products.") Courts are particularly reluctant to order stays under such circumstances. *See Hewlett-*

6  *Packard Co.*, 2015 U.S. Dist. LEXIS 47754, at *6 ("In similar circumstances, other judges in this

7  district have been reluctant to grant a stay, especially where – as here – the patent holder and the

8  accused infringer are direct competitors.") (citing *Boundaries Solutions, Inc. v. Corelogic, Inc.*,

9  No. 5:14-cv-00761-PSG, 2014 U.S. Dist. LEXIS 175590 at *3, n.5 (N.D. Cal. Dec. 19, 2014)

10  (stay denied when PTAB had not yet acted on petition for IPR and parties were direct

11  competitors)); *Avago Techs. Fiber IP (Sing.) Pte Ltd. v. Iptronics Inc.*, No. 10-CV-02863-EJD,

12  2011 U.S. Dist. LEXIS 82665, at *5 (N.D. Cal. Jul. 28, 2011) (denying motion to stay case)

13  ("Unlike patent infringement actions involving non-practicing entities, infringement among

14  competitors can cause harm in the marketplace that is not compensable by readily calculable

15  money damages."); *Asetek Holdings*, 2014 U.S. Dist. LEXIS 47134, at *17 (denying motion to

16  stay) ("Courts recognize that, when the parties are direct competitors, the risk of prejudice is

17  higher to the non-moving party than it would be otherwise.") (citing *Tric Tools, Inc. v. TT*

18  *Technologies, Inc.*, No. 12-cv-3490-YGR, 2012 U.S. Dist. LEXIS 153820 at *6-7 (N.D. Cal. Oct.

19  25, 2012) (denying motion to stay pending reexaminations), *on reconsideration*, 2012 U.S. Dist.

20  LEXIS 174149, 2012 WL 6087483 (N.D. Cal. Dec. 6, 2012) (citing *Allergan Inc. v. Cayman*

21  *Chemical Co.*, No. 07-cv-1316-JVS, 2009 U.S. Dist. LEXIS 131889 at *5-7 (C.D. Cal. 2009)

22  (denying stay partly because parties are direct competitors)); *Interwoven, Inc. v. Vertical Comput.*

23  *Sys.*, No. C 10-04645 RS, 2012 U.S. Dist. LEXIS 30946, at *7-8 (N.D. Cal. Mar. 8, 2012)

24  (denying motion to stay pending *ex parte* reexamination). ("The parties' status as direct

25  competitors also weighs against a stay because it increases the likelihood of undue prejudice.")

26  (citing *Avago Tech. Fiber IP*, 2011 U.S. Dist. LEXIS 82665 at *17 (denying motion to stay

27  pending reexamination) ("[E]ven 'ordinary' competition can justify denial of a stay when that

28  competition is based on alleged infringement and has effects that would be difficult to reverse

**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**

Case No. 3:24-cv-03623-RFL

1   after the fact.")).[4] Where – as is the case here – parties are direct competitors, "courts presume

2   that a stay will prejudice the nonmovant." *ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826

3   F.Supp.2d 348, 351 (D. Mass. 2011); *see also Allergan*, 2009 U.S. Dist. LEXIS 131889 at *5

4   (denying stay partly because parties are direct competitors); *Nat'l. Oilwell Varco, L.P. v. Auto-*

5   *Dril, Inc.*, 2010 U.S. Dist. LEXIS 90963, 2010 WL 8923337 at * 1 (E.D. Tex. 2010) (denying

6   stay because parties are direct competitors)). Given this obvious prejudice, Jumio's motion should

7   be denied.

8   **VI.     CONCLUSION**

9          As set forth above, the Court should decide FaceTec's motion for disqualification of

10   Perkins prior to entertaining any stay.  Even then, the Court should deny Jumio's motion to stay

11   this case pending the PTAB's determination whether to institute any IPRs.

12

13   Dated: December 16, 2024                    **ONE LLP**

14

15                                               By: */s/ Nathaniel L. Dilger*_____
                                                     Nathaniel L. Dilger
16                                                   Peter R. Afrasiabi
                                                     William J. O'Brien
17                                                   Taylor C. Foss

18                                                   *Attorneys for Plaintiff and Counter-Defendant,*
                                                     FaceTec, Inc.
19

20

21

22
_____
23   [4] Case law regarding stays for patent reexaminations applies to stays for IPR proceedings. *See Oil*
     *States Energy Servs., LLC*, 138 S. Ct. at 1370-71 ("The America Invents Act replaced inter partes
24   reexamination with inter partes review."); *see also CANVS Corp. v. United States*, 118 Fed. Cl.
     587, 591 n.5 (2014) ("Although inter partes review is a new means to challenge patent validity, the
25   same general principles that governed stays pending the old inter partes reexamination process
     should apply with equal force to stays pending the new inter partes review."); *Robert Bosch*
26   *Healthcare Sys. Inc. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014 U.S. Dist. LEXIS 92792 at
     *9 (N.D. Cal. July 3, 2014) ("While these cases discuss the framework applicable to motions to
27   stay pending reexamination, district courts in the Ninth Circuit have applied the same framework
     to motions to stay pending IPR").
28

**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**
Case No. 3:24-cv-03623-RFL

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that on December 16, 2024, I electronically filed the foregoing document

3  with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

4  to all counsel of record for the parties.

5

6                            By: */s/ Nathaniel L. Dilger*
                                 Nathaniel L. Dilger

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13
**FACETEC'S MEMORANDUM IN OPPOSITION TO STAY**

Case No. 3:24-cv-03623-RFL