1   Ryan E. Hatch *(Admitted Pro Hac Vice)*
    **HATCH LAW PC**
2   13323 Washington Blvd, Suite 302
    Los Angeles, CA 90066
3   Work: (310) 279-5076
    Fax: (310) 693-5328
4   Email: ryan@hatchlaw.com

5   *Attorneys for Defendant/Counterclaimant iProov Ltd.*

6                   **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF NEVADA**

8   FACETEC, INC., a Delaware corporation,

9                   Plaintiff,                          **DEFENDANT IPROOV'S
                                                        OPPOSITION TO FACETEC INC'S
10         v.                                           MOTION FOR STAY OF ITS
                                                        RESPONSES TO INTERROGATORY
    iProov LTD, a United Kingdom limited                **NO. 16 PENDING A RULING ON ITS
11  liability company,                                  OBJECTIONS**

12                  Defendant.                          Case No.  2:21-cv-02252-ART-BNW

13  ─────────────────────────────
    iProov LTD, a United Kingdom limited               Hon. Anne R. Traum
14  liability company,

15                  Counter-Claimant,

16         v.

17  FACETEC, INC., a Delaware corporation,

18                  Counter-Defendant.

19

20

21

22

23

24

25

26

27

28                                          IPROOV'S OPPOSITION TO
                                            MOTION FOR STAY OF FACETEC'S
                                            RESPONSE TO INTERROGATORY NO. 16
                                            CASE NO. 2:21-cv-2252-ART-BNW

1

## **TABLE OF CONTENTS**

2    I.    INTRODUCTION ............................................................................................................ 1

3    II.   FACTUAL BACKGROUND............................................................................................ 1

     III.  LEGAL STANDARD ...................................................................................................... 3

4    IV.   ARGUMENT.................................................................................................................... 4

5    A.    FaceTec's Request for a Stay is Untimely and Has Been Waived ........................................ 4

6    B.    FaceTec's Has Not Met its Burden to Jusify a Stay ........................................................... 5

     i.    FaceTec is Unlikely to Succeed on the Merits ................................................................ 5

7    ii.   FaceTec Will Not Suffer Irreparable Injury in the Absence of a Stay ................................. 7

8    iii.  iProov Will be Substantially Injured by a Stay ............................................................... 9

9    iv.   The Public Interest Favors Requiring FaceTec to Respond ................................................ 10

     V.    CONCLUSION................................................................................................................ 12

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**TABLE OF AUTHORITIES**</u>

2

<u>**Cases**</u>

3

*Alvarez v. LaRose,* No. 3:20-cv-00782-DMS-AHG, 2020 U.S. Dist. LEXIS 173253, at *9 (S.D. Cal. Sep. 21, 2020)..............................................................................................................11

4

*Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989)............12

5

*Castelan-Gutierrez v. Bodega Latina Corp.*, No. 2:17-cv-01877-JAD-NJK, 2018 U.S. Dist.

6 LEXIS 238776, at *3 (D. Nev. Mar. 30, 2018).......................................................................3, 7

7 *Dayco Prods., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992).........................................11

8 *Filler v. Lernout* ..............................................................................................................................5

9 *Fleming v. Escort, Inc.*, No. 1:09-CV-105-BLW, 2014 U.S. Dist. LEXIS 22989, at *5 (D. Idaho Feb. 21, 2014) ............................................................................................................................12

10

*Fourth Age Ltd. v. Warner Bros. Dig. Distribution Inc.*, No. CV 12-9912 ABC (SJHx), 2014 U.S.

11 Dist. LEXIS 194463, at *5 (C.D. Cal. May 22, 2014)............................................................5, 9

12 *Garity v. Donahoe*, No. 2:11-cv-01805-RFB-CWH, 2014 U.S. Dist. LEXIS 124165, at *11 (D. Nev. Sep. 5, 2014)............................................................................................................7, 11, 12

13

*Golden Gate Rest. Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1116 (9th Cir.

14 2008) ........................................................................................................................................11

15 *Granato v. City & Cty. of Denver*, Civil Action No. 11-cv-0-304-MSK-BNB, 2011 U.S. Dist. LEXIS 40981, at *4 (D. Colo. Apr. 7, 2011)...........................................................................4

16

*Great-West Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, No. 2:11-cv-02082-APG-CWH, 2013

17 U.S. Dist. LEXIS 159027, at *8 (D. Nev. Nov. 6, 2013)........................................................7, 8

18 *Greystone Constr., Inc. v. Nat'l Fire & Marine Ins. Co.*, Civil Action No. 07-cv-00066-MSK-CBS, 2008 U.S. Dist. LEXIS 106695, at *12 (D. Colo. Mar. 21, 2008) ....................................5

19

*Ignite Spirits, Inc. v. Consulting by AR, Ltd. Liab. Co.*, No. 2:21-cv-01590-JCM-EJY, 2022 U.S.

20 Dist. LEXIS 149934, at *2 (D. Nev. Aug. 22, 2022)................................................................4

21 *In re Air Crash at Taipei, Taiwain*, 2002 U.S. Dist. LEXIS 28860, 2002 WL 32155477 (C.D. Cal.) .......................................................................................................................................12

22

*Juniper Networks, Inc. v. Toshiba Am., Inc.*, No. 2:05-CV-479, 2007 U.S. Dist. LEXIS 50096, at

23 *11 (E.D. Tex. July 11, 2007)....................................................................................................12

24 *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012).......................................................................6

25 *Maness v. Meyers*, 419 U.S. 449, 458, 95 S. Ct. 584, 591 (1975) ...................................................3

26 *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1321–1325 (Fed. Cir. 1990).......................8

27

28

- iii -

*Montgomery v. Risen*, No. 15-20782-CIV, 2015 U.S. Dist. LEXIS 118321, 2015 WL 5167628, at *2 (S.D. Fla. Sept. 3, 2015) ............................................................................................ 4

*Nken v. Holder*, 556 U.S. 418, 426, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009) ................. 3, 4, 12

*Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-cv-00106-LRH-PAL, 2012 U.S. Dist. LEXIS 174441, 2012 WL 6100306, at *13 (D. Nev. Dec. 7, 2012) ...................................... 6

*Pablovich v. Rooms to Go La. Corp.*, Civ. No. 20-617, 2021 U.S. Dist. LEXIS 45691, 2021 WL 928030, at *2 (E.D. La. Mar. 11, 2021) ...................................................... 4

*Playup, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1094 (D. Nev. 2022) .................................. 3, 4, 6, 9

*Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-2226 SI (KAW), 2013 U.S. Dist. LEXIS 26289 at *18 (N.D. Cal. Feb. 26, 2013) ................................................................... 9

*Trs. of the N. Nev. Operating Eng'rs Health & Welfare v. Mach 4 Constr., LLC*, No. 3:08-CV-00578-LRH-(RAM), 2009 U.S. Dist. LEXIS 62600, at *8-9 (D. Nev. July 7, 2009) ................ 8

*U.S. CFTC v. Banc de Binary, Ltd.*, No. 2:13-cv-992-MMD-VCF, 2015 U.S. Dist. LEXIS 70507, at *5-6 (D. Nev. June 1, 2015) ................................................................... 8, 12

*Willemijn Houdstermaatschaapij BV v. Apollo Comput. Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) ................................................................................................................. 3

*Zargarian v. Bmw of N. Am., LLC*, No. CV 18-4857-RSWL (PLAx), 2019 U.S. Dist. LEXIS 200587, at *2 (C.D. Cal. Oct. 15, 2019) ..................................................................... 11

**Statutes**

35 U.S.C. § 285 ...................................................................................................................... 12

**Rules**

Federal Rule of Civil Procedure 33(d) ................................................................................... 3

Federal Rule of Civil Procedure 72 ........................................................................... 3, 4, 9, 10

IPROOV'S OPPOSITION TO
MOTION FOR STAY OF FACETEC'S
RESPONSE TO INTERROGATORY NO. 16
CASE NO. 2:21-cv-2252-ART-BNW

Defendant and Counter-Defendant, iProov, Ltd. ("iProov") hereby submits this Opposition to Plaintiff and Counter-Defendant, FaceTec, Inc. ("FaceTec")'s Motion for Stay of its Response to Interrogatory No. 16 Pending a Ruling on its Objections (ECF No. 158) ("Motion").

## I.  INTRODUCTION

FaceTec's Motion is another attempt to obstruct legitimate discovery and unilaterally dictate what discovery iProov is allowed to pursue. Despite a clear order from this Court compelling discovery of revenue information directly relevant to iProov's patent infringement counterclaim—information that iProov itself has already provided relating to FaceTec's claim—FaceTec brazenly seeks an eleventh-hour stay of its discovery obligations, continuing a pattern of obstruction that is turning this case into a one-sided affair in which FaceTec demands production from iProov but refuses to provide the very same production in return.  FaceTec—while aggressively pursuing the precise discovery to which it now objects from iProov—now seeks to shield itself from reciprocal obligations, demanding lopsided rules of engagement that undermine the fundamental principles of fairness and open discovery enshrined in the Federal Rules of Civil Procedure. By unilaterally refusing to comply with this Court's order and now seeking a stay based on its "objection" to the presiding magistrate judge's order, FaceTec flouts law and policy by effectively ignoring the valid order of a magistrate judge.  This Motion, filed belatedly with no justification as to why FaceTec waited over *two months* to seek a stay of its discovery obligations, should be summarily denied, compelling FaceTec to finally meet its discovery obligations and cease its campaign of evasion.

## II.  FACTUAL BACKGROUND

On August 18, 2022, iProov served its Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions").  ECF No. 117-5.  iProov identified the Accused Product as follows: "Based upon information presently available, ***iProov identifies the FaceTec 3D Liveness, OCR & 3D Face Authentication software*** ('Accused Product') as infringing the Asserted Claims of the '548 Patent."  *Id.* at 2 (emphasis added).

On December 22, 2023, iProov served its Second Set of Interrogatories to FaceTec.  ECF No. 117-2.  Therein, iProov defined the term "FaceTec Product" as "any product, device, or service

IPROOV'S OPPOSITION TO
MOTION FOR STAY OF FACETEC'S
RESPONSE TO INTERROGATORY NO. 16
CASE NO. 2:21-cv-2252-ART-BNW

sold and/or licensed for sale by FaceTec that either practices the FaceTec Patents-in-Suit **or is accused of infringing the iProov Patent-in-Suit**."). *Id.* at 5 (emphasis added).  iProov sought discovery into the "FaceTec Product," and thus the Accused Product, revenues:

### <u>INTERROGATORY NO. 16:</u>

> Describe all verification transactions performed using the FaceTec Product in the United States, including but not limited to the number of transactions performed in each month, the revenue You received for each transaction, and any additional service fee or other revenue You received in connection each transaction.

*Id.* at 9.

Based on FaceTec's refusal to provide the requested discovery, iProov moved to compel the revenue information.  ECF No. 117.  Notably, iProov already provided the exact same kind of revenue information to FaceTec, in connection with FaceTec's claims against iProov, that FaceTec now refuses to provide to iProov.  *See* ECF No. 93 at 5:6-9 (confirming that the parties resolved the dispute regarding iProov's revenues).

On December 19, 2024, the Court granted iProov's Motion to Compel in part, compelling FaceTec "to supplement its responses to include revenue related to the accused FaceTec product, not just the Liveness & ID scan feature."  ECF No. 141 at 12 ("Order").  The Court concluded FaceTec "has not met its burden to show that the information sought is not relevant or otherwise outside the scope of discovery." *Id.* at 12–13.

On January 2, 2025, FaceTec filed its Objections.  ECF No. 143.  On January 16, 2025, iProov filed its Response to FaceTec's Objections.  ECF. No. 147.

On February 3, 2024, FaceTec supplemented its responses to iProov's interrogatories as ordered by the Court.  Declaration of Ryan E. Hatch ("Hatch Decl."), Ex. A (FaceTec's Third Supplemental Responses to iProov's Interrogatories, Set Two).[1]  With respect to Interrogatory No. 16, FaceTec's response provided, in its entirety:

### <u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16 (February 3, 2025):</u>

> In response to the Magistrate Judge's Order on December 19, 2024 (ECF No. 141), granting in part iProov's Motion to Compel (ECF No. 117), FaceTec filed its Objections to the Magistrate's Order on January 2, 2025 (ECF No. 143). iProov responded

---

[1] All exhibits referenced hereto are attached to the Hatch Declaration.

IPROOV'S OPPOSITION TO
MOTION FOR STAY OF FACETEC'S
RESPONSE TO INTERROGATORY NO. 16
CASE NO. 2:21-cv-2252-ART-BNW

to those objections on January 16, 2025 (ECF No. 147). The matter is awaiting a ruling from the District Court on whether to refuse iProov's demand for ancillary discovery into admittedly irrelevant subject matter.

Notwithstanding the foregoing objections, FaceTec responds as follows: Pursuant to Rule 33(d), FaceTec will produce documents sufficient to provide the information as directed by the Court's Order.

Ex. A at 120: 9–18.  Here, FaceTec admitted that it "will produce documents sufficient to provide the information as directed by the Court's Order" and never mentioned moving to stay—and now completely reverses course and refuses to provide the promised revenues.

## III. LEGAL STANDARD

"[Courts] begin with the basic proposition that all orders and judgments of courts must be complied with *promptly*." *Maness v. Meyers*, 419 U.S. 449, 458, 95 S. Ct. 584, 591 (1975) (emphasis added).  "It is well-established law that the filing of an objection to a magistrate judge's order on a non-dispositive motion does not automatically stay that order's operation." *Castelan-Gutierrez v. Bodega Latina Corp.*, No. 2:17-cv-01877-JAD-NJK, 2018 U.S. Dist. LEXIS 238776, at *3 (D. Nev. Mar. 30, 2018).  "It is also axiomatic that the filing of a motion to stay does not impact the obligation to proceed; only an order granting such relief imposes a stay." *Playup, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1094 (D. Nev. 2022) (citing *Willemijn Houdstermaatschaapij BV v. Apollo Comput. Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) ("Defendant's argument assumes that the moment it has filed a motion to stay discovery on the damages issue, it need no longer obey basic discovery rules. Defendant is in effect granting itself a stay of discovery. Simple logic teaches that defendant has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all")).

"While a stay is not available as a matter of right, federal courts possess the inherent authority to impose stays pending challenges to their orders in appropriate circumstances." *Playup*, 635 F. Supp. 3d at 1094 (citing *Nken v. Holder*, 556 U.S. 418, 426, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)).  "Litigants may seek relief from the operation of a magistrate judge's non-dispositive order by filing a motion to stay that order." *Id.*  "'In considering whether to stay a magistrate judge's order pending Rule 72 objections, courts typically apply the same four-factor test used for a stay pending appeal.'"  *Id.* (quoting *Pablovich v. Rooms to Go La. Corp.*, Civ. No. 20-617, 2021

1    U.S. Dist. LEXIS 45691, 2021 WL 928030, at *2 (E.D. La. Mar. 11, 2021)).

2        "As such, courts adjudicate motions to stay a magistrate judge's non-dispositive order by

3    analyzing: (1) whether the movant is likely to succeed on its objection; (2) whether the movant will

4    suffer irreparable injury in the absence of a stay; (3) whether the other parties will be substantially

5    injured by a stay; and (4) where the public interest lies." *Playup*, 635 F. Supp. 3d at 1094-95.

6        "Imposing a stay is an intrusion into the ordinary processes of administration and judicial

7    review." *Id*. at 1095 (citing *Nken*, 556 U.S. at 427).  "A stay of a magistrate judge's discovery order

8    should be granted sparingly."  *Granato v. City & Cty. of Denver*, Civil Action No. 11-cv-0-304-

9    MSK-BNB, 2011 U.S. Dist. LEXIS 40981, at *4 (D. Colo. Apr. 7, 2011).  "The party requesting a

10   stay bears the burden of showing the circumstances justify an exercise of the Court's discretion."

11   *Playup*, 635 F. Supp. 3d at 1095 (citing *Nken*, 556 U.S. at 433-34).

12       "In the context of a request to stay a magistrate judge's non-dispositive discovery order,

13   this burden is a steep hill to climb because [] it is difficult to establish a sufficient likelihood of

14   success given the deferential standard of district judge review and irreparable harm is generally not

15   established based on the burden or expense of providing discovery."  *Playup*, 635 F. Supp. 3d at

16   1095.  "Because '[t]hese are difficult hurdles to clear, [] federal courts often deny motions to stay

17   a magistrate judge's discovery orders.'"  *Id.* (quoting *Montgomery v. Risen*, No. 15-20782-CIV,

18   2015 U.S. Dist. LEXIS 118321, 2015 WL 5167628, at *2 (S.D. Fla. Sept. 3, 2015)). "Hence, the

19   presumption is that discovery ordered by a Magistrate Judge will proceed regardless of the filed

20   objection."  *Ignite Spirits, Inc. v. Consulting by AR, Ltd. Liab. Co.*, No. 2:21-cv-01590-JCM-EJY,

21   2022 U.S. Dist. LEXIS 149934, at *2 (D. Nev. Aug. 22, 2022).

22   **IV.   ARGUMENT**

23       **A.  FaceTec's Request for a Stay is Untimely**

24       The Order requiring a supplemental response to Interrogatory No. 16 issued on December

25   19, 2024.  ECF No. 141.  FaceTec filed its Objections on January 2, 2025.  ECF No. 143.  On

26   January 18, 2025, iProov informed FaceTec that its "objection under Rule 72 does not relieve it of

27   the obligation to supplement, as there has been no stay of the Magistrate Judge's December Order."

28   Ex. B at 2.   Then, on February 3, 2024, FaceTec supplemented its responses to iProov's

interrogatories as ordered by the Court.  Ex. A.  Now, on February 26, 2025—*over two months after the Court issued the Order*, nearly eight weeks after objecting thereto, and over a month after iProov clarified the Order had not been stayed—FaceTec has belatedly requested a "stay" of its discovery obligations (after unilaterally giving itself such a stay for weeks) via its Motion, which provides little analysis as to why a stay is appropriate and fails to mention, much less justify, why FaceTec waited so long to seek a stay.  FaceTec should have moved for a stay prior to filing its Objections, as even seeking a stay contemporaneously with its objections would have been untimely.  *See Fourth Age Ltd. v. Warner Bros. Dig. Distribution Inc.*, No. CV 12-9912 ABC (SJHx), 2014 U.S. Dist. LEXIS 194463, at *5 (C.D. Cal. May 22, 2014) (admonishing party for not seeking a stay of magistrate judge's order through a timely *ex parte* application for a stay because "[a]s presented, the question of a stay pending resolution of the Motion is to be resolved on the same schedule as the Motion itself, thereby necessarily rendering the stay request moot by the time it became ripe for decision.").  Granting FaceTec's motion to stay would sanction litigation abuse, by permitting parties to effectively ignore court orders for months.

And, while the Order did not provide an explicit time of compliance, FaceTec's obligation was to *promptly* comply with the Order or *promptly* move to stay—indeed, FaceTec agreed to comply by January 31, 2025 before indicating it needed a small extension. Ex. B.  Moreover, there is no reason FaceTec could not have moved for a stay much earlier than it did, and its Motion provides no indication as to why it delayed seeking a stay, making its Motion untimely.  *See Greystone Constr., Inc. v. Nat'l Fire & Marine Ins. Co.*, Civil Action No. 07-cv-00066-MSK-CBS, 2008 U.S. Dist. LEXIS 106695, at *12 (D. Colo. Mar. 21, 2008) (denying motion to stay as untimely when filed well after time of compliance with order and only filed after issue of stay was raised by the court); *Filler v. Lernout (In re Lernout & Hauspie Sec. Litig.)*, 219 F.R.D. 28, 30 (D. Mass. 2003) (denying motion to stay as untimely when sought one day after time for compliance with order because there was no reason the stay could not have been sought earlier).

**B.  FaceTec's Has Not Met its Burden to Justify a Stay**

***i.  FaceTec is Unlikely to Succeed on the Merits***

FaceTec is required to show that there is a "substantial case for relief on the merits." *Lair*

*v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012); *Playup*, 635 F. Supp. 3d at 1096.  The broad discretion afforded to magistrate judges in resolving discovery matters "is reflected in the clear error standard governing review of such orders," which is "extremely difficult" to satisfy.  *Playup*, 635 F. Supp. 3d at 1096.  [C]lear error is established based on the existence of <u>controlling</u> legal authority."  *Id.* (emphasis in original).  "The formidable standard of review, in turn, means that a party seeking a stay pending resolution of its objection to a magistrate judge's non-dispositive ruling is generally unable to make a strong showing of likely success on the merits of the objection."  *Id.* (citing *Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-cv-00106-LRH-PAL, 2012 U.S. Dist. LEXIS 174441, 2012 WL 6100306, at *13 (D. Nev. Dec. 7, 2012)).

FaceTec seeks a stay on the basis that the Order "is erroneous to the extent that it relies on factual findings that conflate admittedly non-infringing 'ID verification' technology with FaceTec's 'liveness' technology."  ECF No. 158 at 5:4–6.  FaceTec's argument is flawed for several reasons.  First, there was never an "admission" that any technology was non-infringing.  ECF. No. 147 at 7–9.  Second, there was no factual finding conflating any two technologies; the magistrate judge simply granted discovery into the "Accused Product" as defined by iProov.  *Id.* at 10.  Third, FaceTec's argument that there was an erroneous factual finding cited no authority, much less "controlling" legal authority.  *Playup*, 635 F. Supp. 3d at 1100 (contention in favor of success on the merits unlikely to succeed when "controlling legal authority ha[d] not been cited" to establish error was committed).

FaceTec's Motion ignores that its Objections also included an argument that the Order was contrary to law "to the extent that it holds as a matter of law that non-infringing technology—or revenue information for that noninfringing technology—is somehow relevant under the Federal Rules or case law."  ECF No. 143 at 4:17-19.  FaceTec's "to the extent" arguments are just excuses not to comply with the Court's Order.  This argument is also doomed because, again, FaceTec cited no authority in support of its position.  ECF No. 143 at 5–6.  iProov provided authority on which Magistrate Judge Weksler based her opinion in the Order and FaceTec never provided persuasive, much less controlling, authority to the contrary.  *See* ECF No. 147 at 12.

Because there is not a "substantial case for relief on the merits" of FaceTec's Objections,

IPROOV'S OPPOSITION TO
MOTION FOR STAY OF FACETEC'S
RESPONSE TO INTERROGATORY NO. 16
CASE NO. 2:21-cv-2252-ART-BNW

"[t]his alone dooms the motion to stay the operation of the Court's order." *Playup*, 635 F. Supp. 3d at 1103 (denying motion to stay); *Castelan-Gutierrez*, 2018 U.S. Dist. LEXIS 238776, at *5-9 (denying motion to stay for failure to show likely success on clear error issue because lack of controlling law meant it was well within magistrate judge's discretion to order discovery to proceed despite pending motion to summary judgment seeking dismissal of claim); *Great-West Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, No. 2:11-cv-02082-APG-CWH, 2013 U.S. Dist. LEXIS 159027, at *8 (D. Nev. Nov. 6, 2013) (denying motion to stay when party failed to cite any law supporting argument that clear error was committed).

### ii.   FaceTec Will Not Suffer Irreparable Injury in the Absence of a Stay

FaceTec must show that there is a "probability of irreparable injury." *Garity v. Donahoe*, No. 2:11-cv-01805-RFB-CWH, 2014 U.S. Dist. LEXIS 124165, at *11 (D. Nev. Sep. 5, 2014). FaceTec identifies no cognizable irreparable injury absent a stay. Rather, it vaguely asserts that the information requested by Interrogatory No. 16 cannot be "unrevealed" once disclosed. ECF No. 158 at 5:7–17. FaceTec again alludes to its baseless allegations that iProov engaged in corporate "espionage" (which is nonsense, as FaceTec's products are made available to the public via the Internet) as though this provides it *carte blanche* to refuse discovery. *Id.* As iProov has previously noted, the alleged "corporate espionage" is the harmless fact that some iProov employees in the past simply used FaceTec's *public* product, just as any other person in the world was invited by FaceTec to do, and FaceTec has been unable to describe the most basic allegations underlying the alleged "espionage." *See* ECF No. 141. Such vague assertions that FaceTec would be harmed given its allegations of "corporate espionage" do no demonstrate injury at all, much less irreparable injury. *Garity*, 2014 U.S. Dist. LEXIS 124165, at *11 (denying motion to stay) ("Each of the articulated reasons for Plaintiff's obstinance in attending the examination are either not ripe, not relevant, not substantiated by the record, and speculative."); *Trs. of the N. Nev. Operating Eng'rs Health & Welfare v. Mach 4 Constr., LLC*, No. 3:08-CV-00578-LRH-(RAM), 2009 U.S. Dist. LEXIS 62600, at *8-9 (D. Nev. July 7, 2009) (denying motion to stay as moot but criticizing party for failure to show any harm that could result from a denial of its motion).

IPROOV'S OPPOSITION TO
MOTION FOR STAY OF FACETEC'S
RESPONSE TO INTERROGATORY NO. 16
CASE NO. 2:21-cv-2252-ART-BNW

1    Moreover, FaceTec's argument that the information cannot be "unrevealed" ignores that

2  there are options other than the wholesale refusal to participate in discovery, including the

3  "[negotiation of] a stipulation to produce the compelled discovery under the condition that the

4  information will be excluded from trial if the discovery order is reversed." *U.S. CFTC v. Banc de*

5  *Binary, Ltd.*, No. 2:13-cv-992-MMD-VCF, 2015 U.S. Dist. LEXIS 70507, at *5-6 (D. Nev. June

6  1, 2015); *Great-West*, 2013 U.S. Dist. LEXIS 159027, at *10 ("[I]f AEI's clawback claim is upheld

7  there are plenty of tools available to the Court, and parties, to ensure that none of the information

8  is used within this litigation.").

9    Likewise, the information would be produced pursuant to the Protective Order in this case

10  which permits for designation of documents such that they are only accessible to iProov's outside

11  attorneys and retained experts.  ECF No. 39, § 7.3 (providing that material marked "Highly

12  Confidential – Attorneys' Eyes Only" shall only be disclosed to outside counsel, experts, the court

13  and its staff, trial consultants who have agreed to be bound by the terms of the Protective Order,

14  and the author, recipient, or custodian of the document).  *See Great-West*, 2013 U.S. Dist. LEXIS

15  159027, at *10 (denying motion to stay) ("Great West has already agreed not to disseminate the

16  documents outside of this litigation or do anything to compromise the confidentiality of the

17  documents. This agreement, in the undersigned's view, removes virtually any possibility of

18  irreparable injury.").

19    FaceTec's reliance on *Micro Motion* to suggest revenue information inherently poses a risk

20  of prejudice is misplaced.  There, the party requesting discovery had served subpoenas on multiple

21  *non-party* competitors seeking company and sales information on the basis that it *may* seek to prove

22  lost profit damages.  *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1321–1325 (Fed. Cir.

23  1990).  The Federal Circuit's concern there was that "[i]f this position were correct, a patentee

24  could, in virtually every infringement suit, immediately obtain discovery from all possible

25  competitors by merely filing a complaint asking for damages against one." *Id.* at 1324-25.  iProov

26  is not blindly seeking discovery from a non-party; iProov is seeking plainly relevant discovery from

27  a patent infringement defendant (FaceTec).  As iProov had repeatedly noted, as the Court has held,

28  and as FaceTec as consistently failed to adequately refute, revenue information is relevant and

- 8 -

IPROOV'S OPPOSITION TO
MOTION FOR STAY OF FACETEC'S
RESPONSE TO INTERROGATORY NO. 16
CASE NO. 2:21-cv-2252-ART-BNW

discoverable.  *See Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-2226 SI (KAW), 2013 U.S. Dist. LEXIS 26289 at *18 (N.D. Cal. Feb. 26, 2013).  This cannot even be disputed, as it's black-letter patent law that the accused infringer's revenues are discoverable.

"Because [FaceTec] fails to establish either sufficient likelihood of success or sufficient probability of irreparable harm, it is unnecessary to address the remaining factors." *Playup*, 635 F. Supp. 3d at 1104.

### iii.  iProov Will be Substantially Injured by a Stay

The other factors also favor denying FaceTec's Motion.  FaceTec argues that the limited stay it seeks will not injure iProov because it will not disrupt discovery.  ECF No. 158 at 5–6.  First, this ignores the harm that iProov has suffered given FaceTec's unilateral decision to refuse to participate in discovery and failure to promptly seek an *ex parte* application for stay so as to alert the Court of an urgent matter.  *See Fourth Age*, 2014 U.S. Dist. LEXIS 194463, at *5.  Instead, FaceTec sat on its rights and did not indicate its intention to supplement its interrogatory responses until nearly a month after the Order, when iProov reminded FaceTec of its obligation.  Ex. B at 3. When FaceTec indicated that it intended to withhold a supplemental answer to Interrogatory No. 16, iProov promptly reminded FaceTec that its "objection under Rule 72 does not relieve it of the obligation to supplement."  *Id.* at 2–3.  FaceTec subsequently stated simply that it was preparing supplemental interrogatory responses.  *Id.* at 1–2.  Then, on February 3, 2025, FaceTec served its supplemental response indicating it would produce responsive documents, in which FaceTec referenced its objections but made <u>no reference to any intention to seek a stay</u>.  Ex. A at 120: 9–18. iProov has already been deprived critical discovery necessary to prepare its case.  Moreover, FaceTec has recently represented that it is planning to move forward with, or may presently be preparing, motions for summary judgment.  ECF No. 157 at 7.  And while iProov has moved to stay FaceTec's claims, it has not moved to stay its own counterclaim.  ECF No. 151.  Proceeding with that claim requires the requested revenue, which is critical to iProov's damages claim, and depriving iProov of information critical to proving its case is causing and will continue to cause substantial injury to iProov.

FaceTec's position has also resulted in this case becoming one-side.  FaceTec sought the

IPROOV'S OPPOSITION TO
MOTION FOR STAY OF FACETEC'S
RESPONSE TO INTERROGATORY NO. 16
CASE NO. 2:21-cv-2252-ART-BNW

precise revenue information from iProov.  *See* ECF No. 68-2 (FaceTec's First Set of Interrogatories) at p. 12:18-24 (FaceTec Interrogatory No. 4) (requesting that iProov set forth "ALL revenues, costs, and profits attributable to ANY VERIFICATION ever performed using an iPROOV ACCUSED INSTRUMENTALITY … ***broken down by calendar month and calendar year***.") (italics and boldface added).  Indeed, FaceTec moved to compel a more detailed response to this interrogatory on the basis that "specific revenue, cost, and profit information broken down by product, date, and customer" is "highly relevant."  ECF No. 68 at 18:2–6.  iProov then supplemented its response.  ECF No. 89.  FaceTec now refuses to produce revenue information that by its very own arguments it acknowledges are relevant and discoverable.  FaceTec has also demanded lopsided rules regarding the production of source code in which iProov produces code files—in their entirety—while FaceTec refuses to produce any code files, again, on the basis of its claims of "corporate espionage" that ignore the rules of discovery and protective measures in this case.  *See* ECF Nos. 142, 156.  Permitted FaceTec to continue to refuse to cooperate in discovery and set its own rules by granting its belated request for a stay will substantially injure iProov.

### *iv.  The Public Interest Favors Requiring FaceTec to Supplement Now*

FaceTec argues that, because there is a mechanism for objecting to a magistrate judge's order, "no public policy interest favors ignoring FaceTec's Rule 72 objection and forcing an immediate response to the Court's ruling as to Interrogatory No. 16. Indeed, rendering objections meaningless is the same as allowing no objections at all."  ECF No. 158 at 6:10–13.  This is not a public policy concern; it is an argument concerning FaceTec's private rights.  Indeed, a rule such as that proposed by FaceTec—that the public interest is served by granting a motion to stay so as to not deprive a movant of right to object to a magistrate judge's order—would swallow the entire inquiry concerning whether to stay compliance with the magistrate judge's order.  Nonetheless, FaceTec's argument stretches the reach of the cases it relies upon, because whether a stay preserves the parties right to object is dependent on the particular circumstances of the case, which FaceTec ignores.

FaceTec relies on *Zargarian*, but there, the party requesting a stay had filed a motion to stay

1    the magistrate judge's order on the same day as its objections thereto and subsequently filed an *ex*

2    *parte* application for a stay after the opposing party moved for sanctions for failure to comply with

3    the order.  *Zargarian v. Bmw of N. Am., LLC*, No. CV 18-4857-RSWL (PLAx), 2019 U.S. Dist.

4    LEXIS 200587, at *2 (C.D. Cal. Oct. 15, 2019).   The court considered the request for a stay

5    untimely but nonetheless granted the request for a stay.  *Id.* at *3.  But the pertinent discovery order

6    had compelled a deposition and accompanying document production as identified in the notice of

7    deposition.  *Zargarian v. Bmw of N. Am., LLC*, No. CV 18-4857-RSWL (PLAx), 2019 U.S. Dist.

8    LEXIS 200611, at *2 (C.D. Cal. Sep. 23, 2019).   Thus, under the circumstances of that case,

9    denying the motion to stay would have effectively deprived the party of the right to object because

10   the deposition would have occurred, and documents produced for said deposition.  *Zargarian*, 2019

11   U.S. Dist. LEXIS 200587, at *3; *see also Alvarez v. LaRose,* No. 3:20-cv-00782-DMS-AHG, 2020

12   U.S. Dist. LEXIS 173253, at *9 (S.D. Cal. Sep. 21, 2020) (citing *Zargarian* and staying order

13   compelling site inspection because the circumstances of the case so warranted).[2]

14           Here, notwithstanding the fact that it does not implicate any public interest concern, denying

15   FaceTec's motion to stay will not deprive FaceTec of an objection.  iProov has simply served a

16   routine interrogatory seeking revenue information relating to the product that iProov has duly

17   accused of infringement in its patent infringement counterclaim, just as FaceTec has asserted patent

18   infringement against iProov and iProov produced its revenues.   Compliance with the order

19   compelling a supplemental response is not akin to presenting a witness or making a site available

20   for inspection; rather, FaceTec simply has to provide information in its possession and control.  In

21   the unlikely event FaceTec's Objections are sustained (in which case iProov's revenues must also

22   be clawed-back), both sides' revenue information can be prevented from being used in this matter

23

24   [2] FaceTec also relies on Dayco to suggest it is seeking to "preserve critical rights from being lost irretrievably
     pending objections or to maintain the status quo when a close question of law is involved in the
25   nondispositive matter."  *Dayco Prods., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992).  But FaceTec
     will not suffer an irretrievable loss of critical rights absent a stay—to the contrary, as discussed herein,
26   FaceTec's rights are adequately protected because there are numerous options FaceTec could have engaged
     in other than outright refusing to comply with the order.  Further, "preservation of the status quo is not
27   'among the factors regulating the issuance of a stay.' *Garity*, 2014 U.S. Dist. LEXIS 124165, at *3 (quoting
     *Golden Gate Rest. Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008)).  In any
28   event, the *Dayco* court denied the request for a stay given the broad discretion afforded to magistrate judges
     in non-dispositive discovery matters.  142 F.R.D. at 454.

1   thereby causing no harm to FaceTec. *See U.S. CFTC*, 2015 U.S. Dist. LEXIS 70507, at *5-6;

2   *Great-West*, 2013 U.S. Dist. LEXIS 159027, at *10; *see also Nken*, 556 U.S. at 433 ("A stay is not

3   a matter of right, even if irreparable injury might otherwise result.  It is instead an exercise of

4   judicial discretion, and [t]he propriety of its issue is dependent upon the circumstances of the

5   particular case.") (internal quotations and citation omitted).

6          Moreover, FaceTec's "public policy" argument inverts the policy underlying the standard

7   requiring a particularized showing that a stay of a magistrate judge's order is warranted.  The mere

8   lodging of an objection is insufficient because "'[i]f an objection operates as a stay of the order, not

9   only is the losing litigant given an artificial incentive to object, but the [magistrate judge's]

10  decision-making ability is eroded.'"  *Garity*, 2014 U.S. Dist. LEXIS 124165, at *5 (quoting *In re*

11  *Air Crash at Taipei, Taiwain*, 2002 U.S. Dist. LEXIS 28860, 2002 WL 32155477 (C.D. Cal.)). "'A

12  [magistrate judge's] order will not determine anything if it can be automatically stayed by filing an

13  objection.'"  *Id.*  FaceTec has not demonstrate why, given the particularized circumstanced of this

14  case, denying its Motion for Stay would deprive FaceTec of its right to object.  Such a bare assertion

15  is insufficient to justify a stay.[3]

16  **V.  CONCLUSION**

17         iProov respectfully requests that the Court deny FaceTec's request to stay its obligation to

18  respond to Interrogatory 16 as ordered by the Court.

19  Dated: March 5, 2025                              By: */s/ Ryan E. Hatch*
                                                           RYAN E. HATCH (SBN 235577)
20
21                                                         **HATCH LAW, PC**

22
23  [3] As further evidence that FaceTec's Motion should be denied—under at least three factors of the test
    governing whether to deny FaceTec's Motion: likelihood of success, injury to iProov, and public policy—
24  FaceTec's conduct amounts to a campaign of discovery abuses giving rise to litigation misconduct rendering
    this case "exceptional" under 35 U.S.C. § 285 and thereby justifying an award of attorneys' fees. *Beckman*
25  *Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989) ("Among the types of conduct
    which can form a basis for finding a case exceptional are willful infringement, inequitable conduct before
26  the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and frivolous suit."); *Juniper*
    *Networks, Inc. v. Toshiba Am., Inc.*, No. 2:05-CV-479, 2007 U.S. Dist. LEXIS 50096, at *11 (E.D. Tex. July
27  11, 2007) (awarding attorneys' fees attributable to failure to produce relevant source code in violation of
    court order); *Fleming v. Escort, Inc.*, No. 1:09-CV-105-BLW, 2014 U.S. Dist. LEXIS 22989, at *5 (D. Idaho
28  Feb. 21, 2014) (awarding fees due to "numerous discovery disputes caused by [] meritless refusals to turn
    over discoverable information").

IPROOV'S OPPOSITION TO
MOTION FOR STAY OF FACETEC'S
RESPONSE TO INTERROGATORY NO. 16
CASE NO. 2:21-cv-2252-ART-BNW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13323 Washington Blvd., Suite 302
Los Angeles, California 90066
Work: 310-279-5076
Mobile: 310-435-6374
Fax: 310-693-5328
ryan@hatchlaw.com

*Attorney for Defendant/Counterclaimant
iProov Ltd.*

IPROOV'S OPPOSITION TO
MOTION FOR STAY OF FACETEC'S
RESPONSE TO INTERROGATORY NO. 16
CASE NO. 2:21-cv-2252-ART-BNW