UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FaceTec, Inc.,<br><br>        Plaintiff,<br>vs.<br>iProov, Ltd.,<br><br>        Defendant. | Case No. 2:21-CV-02252-ART-BNW<br><br>ORDER DENYING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE ORDER AND MOTION FOR STAY (ECF Nos. 143, 158) |
| iProov, Ltd.,<br><br>        Counter-Claimant,<br>vs.<br>FaceTec, Inc.,<br><br>        Counter-Defendant. | |

Before the Court is Plaintiff FaceTec, Inc.'s objection (ECF No. 143) to Magistrate Judge Weksler's order (ECF No. 141) granting in part Defendant iProov's motion to compel (ECF No. 117). For the reasons outlined below, the Court OVERRULES Defendant's objections.

**I.    Standard of Review**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a). A district court will thus defer to a magistrate judge's nondispositive order unless it is clearly erroneous or contrary to law. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *24-7 Grp. of Companies, Inc. v. Roberts*, No. 3:13-CV-00211-MMD-WGC, 2014 WL 12707232,

at *2 (D. Nev. Nov. 21, 2014); (quoting *United States v. Ressam,* 593 F.3d 1095, 1118 (9th Cir. 2010)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.* (quoting *Conant v. McCoffey,* C97–0139, 1998 WL 164946, at *2 (N.D.Cal. Mar.16, 1998)).

## II. Analysis

Plaintiff FaceTec brings claims for patent infringement, breach of contract, and intentional interference with contract against Defendant iProov. Relevant to the instant motion, iProov sought revenue and transaction information related to FaceTec's accused products through an interrogatory served on FaceTec. (Interrogatory No. 16, ECF No. 117-2). FaceTec responded, however, iProov argues that the responses are deficient and filed a motion to compel FaceTec to supplement its response to include revenues for the entirety of the accused FaceTec product (as opposed to revenues only for the Liveness & ID scan feature). (ECF No. 117.)[1]

Magistrate Judge Weksler issued an order compelling FaceTec to supplement its responses to include revenue related to the accused FaceTec product, not just the Liveness & ID scan feature. Judge Weksler also found that FaceTec had not met its burden of showing why the information sought is not relevant or otherwise outside of the scope of discovery and noted that iProov had cited case law which suggests that this information is in fact relevant. FaceTec objected to Judge Weksler's order, arguing that the order erred in requiring production of revenue information for non-infringing features of FaceTec's product.

The Court agrees with Judge Weksler that FaceTec failed to meet its burden of showing that this discovery is not relevant. "Parties may obtain discovery

---

[1] Because iProov does not object to the other aspects of Judge Weksler's order on the motion to compel, the Court does not discuss the facts or analysis of those issues here.

2

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." Fed. R. Civ. P. 26(b)(1). The party resisting discovery has the heavy burden to show why discovery is not relevant. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). As Judge Weksler noted, FaceTec's opposition to the motion to compel did not put forth any real argument as to why the information sought is not relevant. Rather, FaceTec argued that the motion to compel seeks revenue information for admittedly non-infringing features of FaceTec's products and that it is suspicious of iProov's motivations. This brief argument did not suffice to show that the information sought is not relevant or otherwise outside of the scope of discovery. iProov's motion to compel cited two cases that suggest that revenue information for non-accused products is discoverable. *Positive Techs., Inc. v. Sony Elecs., Inc.*, 2013 WL 707914 (N.D. Cal. Feb. 26, 2013); *see also Georgia Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971). FaceTec's opposition to the motion to compel presented no analysis as to why these cases do not apply here.

### III. Conclusion

It is therefore ordered that Plaintiff FaceTec's objection to Magistrate Judge Weksler's order (ECF No. 143) is OVERRULED.

It is further ordered that Plaintiff FaceTec's motion to stay responses to Interrogatory 16 pending a ruling on its objection (ECF No. 158) is DENIED AS MOOT.

Dated this 12th day of March 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3